STATE OF NEW JERSEY, RESPONDENT, v. FRANCIS MURPHY, PROSECUTOR.

Argued November 4, 1926—Decided November 16, 1926.

**Motor Vehicles—Drunken Drivers—Defendant Alleges That He Committed No Offense in the Presence of the Officer Who Arrested Him—Defendant Admitted to Officer That He was Driving Car When it Collided With Another—Officer Found Him in a Staggering Condition of Intoxication—Held, That This Brought Defendant Within the Term "Operation," as Used in the Act—Judgment Affirmed.**

On *certiorari*, &c.

Before Justice TRENCHARD, sitting for the Supreme Court by consent.

For the prosecutor, *John H. Kafes.*

For the respondent, *Romulus P. Rimo.*

Memorandum by

TRENCHARD, J. The state of the case laid before me shows the following matters of fact: That on November 24th, 1925, at about eleven-thirty P. M., Francis Murphy was operating an automobile on a public highway in the city of Trenton while under the influence of intoxicating liquor; that he was arrested by a police officer and taken to the police station; that early the next morning the officer made a formal complaint against him before the police justice, charging the above-stated offense in violation of subdivision 3 of section 14 of the Motor Vehicle act (*Pamph. L.* 1921, *p.* 665), as amended, and a warrant was then issued thereon pursuant to the provisions of the act, which warrant bears over the signature of the officer the following return: "I herewith return the within warrant before A. S. Brennan, police justice, with the defendant in custody, this 25th day of November, 1925, at eight-thirty A. M.;" that the defendant was thereupon arraigned before the police justice and pleaded not guilty, and, on motion of his attorney, the trial of the complaint was adjourned and set down for hearing on December 3d, 1925; that at that hearing he was convicted of the offense charged and sentenced to the common jail of Mercer county for a period of thirty days; that thereupon defendant took an appeal to the Mercer County Court of Common Pleas, and upon the trial thereof *de novo,* upon a consideration of the same evidence heard by the police justice, he was convicted on such appeal and sentenced to the common jail for a period of thirty days and to pay the costs.

This writ of *certiorari* sued out by Murphy brings up for review the latter conviction and sentence.

The state of the case contains no formal reasons for setting aside such conviction. It does disclose, however, that at both trials the defendant, among other things, contended that he committed no offense *in the presence of the police officer* who arrested him, and, therefore, his arrest without a warrant was illegal and the court without jurisdiction of his person. At the argument before me both counsel agreed that the sole question submitted for my determination was

this: Was the original arrest illegal, and if it was, does that fact alone render the conviction of the defendant unlawful?

I think the legality of the original arrest under the particular circumstances disclosed in the present case is not open to question in this court in view of the decision in *State* v. *Ray,* 4 *N. J. Mis. R.* 493.

The evidence in the present case showed clearly that *when originally arrested the defendant was intoxicated.* Moreover, the officer who made the arrest further testified (and was uncontradicted) as follows:

"*Q.* Did you see this defendant?

"*A.* Yes.

"*Q.* where?

"*A.* 15 North Willow street.

"*Q.* Under what circumstances did you see him?

"*A.* Well, we seen two cars together. They had been together and broke loose, and this man here came walking around back of the car.

"*Q.* Do you mean this man?

"*A.* Mr. Murphy.

"*Q.* The defendant?

"*A.* Yes, sir.

"*Q.* Then as he walked from the back of the car did you notice his walk?

"*A.* Yes, I did.

"*Q.* How did he walk?

"*A.* He staggered very badly.

"*Q.* And did you have a conversation with him?

"*A. Yes. I said was he driving the car, and he says, 'yes, I was.'*"

The present case is therefore much like *State* v. *Ray, supra,* and I think is controlled by it. In the Ray case one of the contentions was that the proceedings were instituted by an illegal arrest and were therefore void. In disposing of this point the court said: "This point is based upon the fact that the officer who arrested Ray did not see Ray driving the car at the time the accident occurred. From this it is argued

that the arrest was not authorized by the Motor Vehicle act, which authorizes an arrest without a warrant only by an officer in whose presence the law has been violated, or on a sworn complaint. We think there are two answers to this contention. *The first is that Ray admitted to the officer that he had been driving the car when he* said 'I hit the car.' The second is that Ray got in the car and started the engine when the officer was present. Ray was intoxicated. This, we think, was an act which is included within the term 'operation,' which is the word used in the Motor Vehicle act. The arrest was proper because in the presence of the officer Ray was operating a car when intoxicated. *There is also in this connection another ground which warranted the original arrest. This was the intoxication of Ray. It was lawful to have arrested him upon this ground.* When taken to the recorder's office a complaint was made by the owner of the car which Ray had struck. The proceedings from this point were in accordance with the portion of the statute which provides for an arrest upon a sworn complaint."

It will be seen that case is exactly like the present case in respect to admission of driving the car and condition of intoxication; under the authority of that case the original arrest in the present case was lawful. And, as in the Ray case, the proceedings from this point were in accordance with the provisions of the statute which provides for an arrest upon a sworn complaint.

Having thus found that the original arrest was lawful, it is unnecessary for me to consider the remaining question presented.

The conviction and judgment brought up for review will be affirmed, with costs.