KENNINGTON-SAENGER, INC., *v.* WICKS *et al.*

(Division B. Dec. 11, 1933.)

[151 So. 549. No. 30861.]

Watkins & Eager, of Jackson, for appellant.

Chalmers **Potter,** of Jackson, for appellees.

[redacted]

[redacted]

**Ethridge, P. J.**, delivered the opinion of the court.

Raymond Wicks, Tommie Day, and Lucian Branch brought suit in the circuit court of Hinds county against Kennington-Saenger, Inc., for damages growing out of slanderous language and false arrest.

The transactions were the same, but separate suits were filed, which were tried together.

Kennington-Saenger, Inc., is a picture show in the city of Jackson, and on November 6, 1932, said Raymond Wicks, Tommie Day, and Lucian Branch, in company with Tom Davis and Miss Davis, his sister, and aunt of Raymond Wicks, purchased tickets and entered the picture show and were seated enjoying the picture, when

two policemen of the city of Jackson, accompanied by appellant's employee, came into the show where appellees were seated, and, in the presence and hearing of others, appellant's employee said to the policemen, "These are the boys that slipped in." The policemen demanded that they show stubs, which they were unable to do, because stubs had not been given to them. One of the policemen then told the appellees to come on out, which they refused to do, and the policeman then took one of them by the shoulder saying: "Get up, we are officers of the law. Get up and get out of here." The three appellees got up and went to the foyer of the picture show with the policemen, where they were interrogated, and the policemen said they were tired of boys crashing the gate and they were going to put a stop to it.

According to the appellees' (the plaintiffs') evidence, quite a number of persons heard the policeman talking; that the appellees were kept from seven to ten minutes, and finally Tom Davis and Miss Davis came out, and Tom Davis said, "You have the wrong boys," and informed the policemen that he had procured tickets, and about that time the assistant manager came up and told the policemen they had the wrong boys; that he remembered five persons coming in together, which was unusual; that, at the time, he had been relieving the doorman for a few minutes and remembered when they came in. Thereupon, the policemen told them they might return to the show.

It appears from the evidence that some one had run over the doorman or crashed the entrance without paying or producing tickets; that the doorman called the assistant manager and told him what had occurred; that the assistant manager, at that time, was engaged in rendering assistance to some lady who had fainted, and told the doorman to call "the law," whereupon the doorman called the policemen and told them what had happened, and the policemen asked the doorman if he could identify

the parties; the doorman said he could not, but that probably one of the ushers could; that the usher then conducted the policemen to the portion of the theater where the appellees were seated, using the language above quoted, according to the appellees, but, according to the usher he stated merely that he thought these were the boys.

The policemen did not have any warrant for the arrest of these boys, and no affidavit was made authorizing the arrest, or the search of the building for, these boys.

The court below instructed the jury that the language used, as set forth in the declaration, was libelous per se, and refused an instruction for the appellant that such language was not libelous per se.

We think the language used clearly indicated general dishonesty on the part of the appellees, and to charge one with dishonesty is libelous per se. Hines v. Shumaker, 97 Miss. 669, 52 So. 705. Furthermore, the facts disclosed by the record show that the arrest was unlawful. As above stated, the officers had no warrant, and were acting beyond the authority of the law, at the instance of the appellant, the Kennington-Saenger, Inc.

Under the common law, an arrest could be made without a warrant only in specific cases, as where a felony had been committed, and where there was probable cause to believe that the person arrested had committed a felony, and in misdemeanors where there was a breach of the peace committed in the presence of the officers, or a crime threatened which would amount to a felony. No arrest could be made for misdemeanors not committed or threatened in the presence of the officers without a warrant, and the warrant could not be made without an affidavit therefor. Mississippi Law Journal, vol. 3, p. 82; 5 C. J., secs. 42, 45, p. 416, in which latter work it is said:

"*What constitutes presence or view.* An offense is committed in the presence or view of an officer, within the meaning of the rule authorizing an arrest without a war-

rant, when the officer sees the acts constituting it, although at a distance, view of such acts as constitute reasonable grounds for arrest being sufficient. An offense is likewise deemed committed in the presence of the officer when he hears the disturbance created thereby and proceeds at once to the scene, or where the offense is continuing, or has not been fully consummated, at the time the arrest is made. He must, however, have direct personal knowledge, through sense of sight or hearing, that the offense is the act of the accused.''

There must be an actual commission of an offense in cases of misdemeanors; and, in cases of felonies, there must be cause to believe that the accused is guilty.

It is argued that the usher, in pointing out the appellees, was not acting within the scope of his employment, and that his act is not attributable to the master. It is admitted that the assistant manager directed the doorman to call the policemen, and that the doorman had authority to prevent persons entering without tickets or paying to enter, and that he had requested the usher to point out to the officers the parties. The usher was acting for the master, having been directed by his superior in the matter; and the presence of the officers had been procured by the assistant manager, and what the officers did was not authorized by law, but was at the instance of the appellant.

The judgment will therefore be affirmed.

Affirmed.