29668.   AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al. v.* BRACKIN.

DECIDED NOVEMBER 4, 1942.   REHEARING DENIED DECEMBER 18, 1942.

*Neely, Marshall & Greene,* for plaintiffs in error.
*P. C. Andrews, S. P. Cain,* contra.

FELTON, J.   The judge of the superior court of Colquitt County set aside the findings of the Industrial Board denying compensation to the claimant, and recommitted the case to the board for further hearing. The employer and the insurance carrier excepted. The only question involved is whether there was any competent evidence in the record to sustain the award rendered by the board. The case was first tried by a director. Other testimony was taken and other evidence submitted, and on the whole record the board affirmed the award of the director denying compensation. The finding of the director was as follows: "The director . . finds that the condition of malaria and the condition of thrombophlebitis which developed later, sometime in the latter part of September or the first of October were both diseases that were in no way associated with the accident nor were they aggravated by the accident." The claimant was injured on June 6, 1940, when a sack of cotton weighing 250 to 300 pounds fell on his neck and shoulders. The insurance carrier's physician testified, in substance, that he examined the claimant on September 6, 1940; that he found a swelling between the claimant's shoulders and the back of his neck; that x-rays disclosed no fracture or dislocation; that the claimant complained for some time; that the physician finally decided that he had malaria; that he treated the claimant for malaria, and discharged him as being able to go back to work, as far as his injury was concerned, on September 12, 1940; that while the physician was treating the claimant no phlebitis in the left leg had developed; that phlebitis is inflammation of the inner lining of the vein; that he could see no connection between the lick on the claimant's neck and the phlebitis, because the lick on the neck was far from the seat of the phlebitis of the leg; that from an anatomical standpoint it could not happen; that he examined the claimant from head to foot on September 6, 1940, and the only bruises he found were on the neck and

shoulders; that in case of a crushing blow phlebitis would manifest itself in twenty-four to forty-eight hours; that if the lick crushed the claimant down on a concrete floor, it could possibly but not probably cause phlebitis; that phlebitis from trauma would result only from a blow in the region where the phlebitis manifested itself. On September 24, 1940 claimant suffered from fever and pains in his neck and shoulders, and developed a swelling in his left leg beginning about six inches below the groin, diagnosed as thrombophlebitis, incapacitating him for work.

There was directly contrary medical testimony to the effect that the phlebitis could not have been caused by malaria, that it could have been caused by the lick on the claimant's shoulder and neck, and that such a condition was not necessarily from a blow near the place where the phlebitis manifested itself. Standard medical texts were quoted to substantiate the testimony. Whatever our opinion may be as to the conclusions derived from the facts and doctors' opinions, under our system of jurisprudence the fact-finding tribunal is the final arbiter as to the controversial facts. The industrial board's finding of fact was authorized if the company physician's testimony was accepted, and there is nothing this court can do but reverse the judgment of the superior court. *Merry Brothers Brick &c. Co.* v. *Holmes,* 57 *Ga. App.* 281 (195 S. E. 223); *McClendon* v. *State,* 7 *Ga. App.* 784 (68 S. E. 331); *Rouse* v. *State,* 135 *Ga.* 227 (69 S. E. 180); *Ocean Accident & Guarantee Cor.* v. *Lane,* 64 *Ga. App.* 149 (12 S. E. 2d, 413).

The second headnote requires no elaboration.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*