## Cowan v. Commonwealth.

December 17, 1948.

C. Boyd Green for appellant.

A. E. Funk, Attorney General, and Walter C. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

Willie Cowan was convicted of the offense of carrying a concealed deadly weapon. Having been convicted of felony on two or more previous occasions, his punishment was fixed, on the present occasion, at a life sentence in the penitentiary. He appeals.

There is presented for our determination only one question, viz., whether the trial court committed reversible error in admitting illegal evidence on this trial.

Cowan was arrested by police officers in Shelbyville on August 17, 1946, for the offense of reckless driving. When his arrest took place, this specific offense of reckless driving had already been committed, it having taken place shortly *before* the officers arrived. But, upon arrival of the officers, all the visible signs at hand indicated someone had *recently* been guilty of reckless driving. Cowan and his car were standing there. And the skidmark behind his car indicated Cowan might have been the very man of guilt. In addition, Cowan admitted, so the officers said, that he had been driving "a lit-

tle fast" or "too fast," which statements were, of course, in the nature of conclusions. However, the officers neither saw nor heard any part of the reckless driving activity. Following his statement about the manner of his recent driving, Cowan was put under arrest by the officers, who related that Cowan thereupon reached toward his pocket. And then Cowan was searched by the officers with the result that a previously concealed pistol was found. Following his trial and conviction on the misdemeanor charge of reckless driving, Cowan was indicted on the present felony charge of carrying a concealed weapon. This trial then ensued. And so, on this trial Cowan objected to introduction of the offensive pistol in evidence, his ground for such objection being that the pistol had been illegally obtained in an unauthorized search before he had been lawfully arrested for any public offense.

Any person has the recognized and established right to be secure from unreasonable search. Our fore-runners long ago put this into the basic law of the United States and of this Commonwealth. See Fourth Amendment, U. S. Constitution, and Section 10, Ky. Constitution.

This right of security from search does not, however, reach unto a person placed under lawful arrest, because immediately upon a person's passage from lawful liberty to authorized arrest, he loses that constitutional right of security from search. See Turner v. Commonwealth, 191 Ky. 825, 231 S. W. 519.

Therefore, if Cowan had, upon this occasion, passed from lawful liberty to authorized arrest, he had no right of security from search and accordingly the offensive pistol was properly introduced in evidence on this trial. But, if, on this occasion, Cowan was neither under authorized arrest nor under proper search warrant procedure, he should have continued to be as secure in his personal privacy as Governor Clements or Chief Justice Sims would be while breezing out to some banquet of bigwigs.

And so, we face the critical question of what constitutes an authorized arrest. Was Cowan, who had committed no known or unsatisfied felony and who was under no warrant, in a lawful custody by authorized arrest

on this occasion? When a peace officer (1) has a warrant or (2) has reasonable ground for believing a felony has been committed or (3) has the reality of an offense occurring *in his presence,* he may proceed to make an arrest. See Section 36, Ky. Criminal Code of Practice.

In this instance, there was neither a warrant nor a reasonable ground for believing a felony had been committed. Furthermore, no offense had been committed in the presence of the officers. While it is true the misdemeanor of reckless driving had taken place, yet this had occurred *before* the officers arrived. Now, we have held that "in his presence" is broad enough to cover that which may not have been visually witnessed by the arresting officer but which nevertheless was confessed by the offender while continuing with his offense. For instance, if a person were transporting illegal intoxicants and should make confession of such offense to an officer before being actually observed in it, this would be an offense in the officer's presence. See Patterson v. Commonwealth, 206 Ky. 258, 267 S. W. 160. But, in the Patterson case and in other cases analogous to it, the offense's continuity extended to and beyond the offender's confession. In the instant case, Cowan's reckless driving offense did not have continuity down to his confession (assuming the admission of "driving too fast" to be tantamount to a confession of reckless driving). And this lack of contemporaneousness between the reckless driving offense and the Cowan statement had the effect, we believe, of preventing the offense from coming *within the presence* of these arresting officers. We believe these arresting officers needed a warrant to make a valid arrest of Cowan upon this occasion, since no law had been violated in their presence and since no ground existed for believing a felony had been committed.

In order for a public offense to be committed in an officer's "presence," it need not be within his sight, but it must be within his hearing, and so near to him that he cannot be mistaken as to the offender. Simmons v. Commonwealth, 203 Ky. 621, 262 S. W. 972.

An offense can be said to be committed in the "presence of an officer" only when he sees it with his own eyes, or sees one or more of a series of acts constituting the offense, and is aided by his remaining senses, or by

846

information, as to the previous acts of the continuing offense. State v. Lutz, 85 W. Va. 330, 101 S. E. 434.

An offense is committed in "presence" or "view" of officer, within rule authorizing arrest without warrant, when the officer sees an act constituting it, though at a distance, or when he hears a disturbance created thereby and proceeds at once to the scene, or when the offense is continuing and not fully consummated at the time of the arrest. Kennington-Saenger, Inc., v. Wicks, 168 Miss. 566, 151 So. 549.

And so, while we find ourselves in good zeal toward abolishment of the pernicious practice of pistol "packing" by unauthorized persons, yet we also find ourselves in still better zeal toward retention of constitutional provisions granting personal security from unreasonable search. When old Benjamin Franklin and his compatriots gave us constitutional government more than 150 years ago, they commissioned us to live and to let live in all the good graces of its privileges. And they surely included in its far-flung franchise all the national community's free men, both the born and the unborn, both the tutored and the untutored, both the Willie Tafts and the Willie Cowans. We dare not depart from such a commission, even in perfectly good zeal for enforcing a worthwhile statute such as the one against carrying concealed weapons.

Wherefore, the judgment is reversed for proceedings consistent herewith.