38572. DEPARTMENT OF REVENUE v. GRAHAM.

DECIDED NOVEMBER 30, 1960.

758

*Eugene Cook*, Attorney-General, *John S. Harrison*, Assistant Attorney-General, for plaintiff in error.

*Marshall Ewing*, *J. S. Hutto*, contra.

CARLISLE, Judge. ■ The motion to dismiss the bill of exceptions or to affirm the case on the ground that the plaintiff in error has failed to brief the evidence is without merit. *U. S. Fidelity &c. Co. v. Bohannan*, 36 Ga. App. 34 (1) (135 S. E. 319); *Hood v. Jackson*, 81 Ga. App. 465 (1) (59 S. E. 2d 45).

■ A finding of fact by a director, or deputy director of the State Board of Workmen's Compensation, when supported by any evidence and in the absence of fraud, is conclusive and binding upon the courts, and the judge of the superior court does not have any authority to set aside an award based on those findings of fact merely because he disagrees with the conclusions reached therein. *Hartford Accident &c. Co. v. Davis*, 73 Ga. App. 10 (35 S. E. 2d 521); *Atlantic Steel Co. v. McLarty*, 74 Ga. App. 300 (39 S. E. 2d 733). In this, as in all workmen's compensation cases, the burden of proof was on the claimant (*Rivers v. Travelers Ins. Co.*, 93 Ga. App. 779 (1), 92 S. E. 2d 818), and in the final analysis, the claimant's case rested upon the expert testimony of his doctor as to the cause of his condition. The doctor stated unequivocally that in his opinion under

the facts as he knew them to be, that is, the stress and strain under which the claimant was shown to have been working, the claimant's employment contributed to his condition. This testimony was uncontradicted. But, however strongly the judge of the superior court and the judges of this court might feel constrained to disagree with the award of the deputy director, no power resides in the courts to substitute their judgment for that of the deputy director. The weight and credit to be given to expert testimony is a question exclusively for decision by the fact-finding tribunal. *American Mutual Liability Ins. Co. v. Brackin,* 68 Ga. App. 256 (23 S. E. 2d 505); *Continental Casualty Co. v. Bennett,* 69 Ga. App. 683 (26 S. E. 2d 682). "Opinions of expert witnesses, while entitled to great weight, are advisory only, and the Board of Workmen's Compensation is bound thereby only to the extent to which it gives credence to such opinions. This is especially true where the opinion evidence is coextensive with the entire scope of investigation and would be decisive of the one issue to be determined by it." *American Motorists Ins. Co. v. Blaylock,* 84 Ga. App. 409 (66 S. E. 2d 126). Under the foregoing authorities, the deputy director was not bound to give any credence to the expert opinion of Dr. Jardine that there was any causal connection between the condition of the claimant resulting from a cerebral accident and his employment.

■ In rendering the award the deputy director made the following statement: "The only indication in the evidence that the stroke or attack that the claimant had was connected with his employment in any way was in the doctor's statement, page 5 of the record, that strain and tension *could* contribute to such an attack. *There is no evidence in the record of any unusual overexertion on the part of the claimant* and the doctor, who was a witness for the claimant, indicated that the only possible or remote cause for the claimant's stroke or attack might have been tension or strain." (Italics ours). He further wrote that there was no exertion shown and that the employee and his wife were enjoying each other's company and were merely driving along in the car between periods of employment and that "he had what is commonly called a stroke or heart attack."

Upon careful consideration of the evidence in this case, it is clear that the deputy director misconstrued and misunderstood the evidence in the case and, in arriving at the results which he did, applied an incorrect principle of law. With reference to the first sentence of the quoted portion of the award, from the deputy director's statement therein that the doctor testified that strain and tension *could* contribute to such an attack, it is clear from reference to the evidence sent up with this record that the deputy director rendered the award based on an erroneous conception of what the testimony of Dr. Jardine had been. The doctor not only testified that such strain and tension, which the claimant was clearly shown to have been undergoing for a period of time prior to the time he had his attack, *could* contribute to such an attack, but the doctor testified that in his opinion *it did contribute* to the injury.

Likewise, it is apparent from the second sentence of the quoted portion of the award that the deputy director was laboring under the misapprehension that it was necessary for the claimant to show that he had been undergoing *unusual* stress and strain or *overexertion,* or that he had undergone such unusual stress and strain and overexertion *immediately prior* to suffering the attack. "It is immaterial that the physical exertion engaged in by an employee is not unusual or excessive and that the employer did not know about the employee's diseased condition." *Bussey v. Globe Indemnity Co.,* 81 Ga. App. 401, 404 (2) (59 S. E. 2d 34), and cits.; *Maryland Casualty Co. v. Dixon,* 83 Ga. App. 172 (63 S. E. 2d 272).

This court feels that, in view of the apparent misinterpretation and misconstruction of the evidence and the application by the deputy director of an incorrect principle of law, the case should be remanded to the deputy director with instructions that he make the finding of an award based upon a proper consideration of the evidence in the light of pertinent legal principles applicable to the case as pointed out above. However, in view of the principles of law first announced above, it is improper for the judge of the superior court and for the judges of this court to presume to substitute their judgments for the judgment of the deputy director and/or directors of the State Board of Workmen's Com-

pensation on the facts of the case, and no ruling is here made on what that judgment should or should not be. It follows that the judgment of the superior court reversing the case insofar as it had the effect of directing that the board enter an award granting compensation was improper, and the case is accordingly affirmed with direction that it be remanded to the board for consideration in the light of the principles herein announced.

*Judgment affirmed with direction. Townsend, P. J., Frankum and Jordan, JJ., concur.*