### 39700. GAY v. LIBERTY MUTUAL INSURANCE COMPANY et al.

RUSSELL, Judge. 1. An award of the Board of Workmen's Compensation, affirmed by the Judge of the Superior Court of Bibb County on appeal, will be affirmed by this court where supported by any evidence. *Department of Revenue v. Graham*, 102 Ga. App. 756 (2) (117 SE2d 902).

2. While exerting himself at work unconnected with his employment on Saturday, February 27, 1960, this claimant suffered symptoms diagnosed as consonant with a small heart attack. The following week and in the course of his employment, which included lifting bathtubs, he had to stop on several occasions because of pain and shortness of breath, which also was diagnosed as a series of small coronary thromboses. On that Saturday, March 5, he went to a doctor for the first time. The following Monday he worked with increasing difficulty until forced by pain to leave around 2 p.m. He did not return to work. He suffered a disabling heart attack at home on the evening of the following Tuesday, March 8, 1960, for which he was hospitalized several weeks followed by bedrest and convalescence at his home. He improved slowly until a second massive attack in February, 1961. Two medical experts testified, one of whom was of the opinion that the exertion of the employment did not contribute to the disability, while the other was of the opinion that, had the employee not returned to work after the coronary incident of February 27, 1960, but been hospitalized at that time, he would likely not have had the subsequent attacks, and that the employment during the week of February 29 was accordingly a contributing precipitating factor. Asked why, if that were the case, the disabling attack followed a period of 24 hours during which the em-

ployee was not working, he replied, "You have asked a question that I can't answer. . . I tell you we don't know what causes all of the attacks . . . we don't really know." Neither of the disabling attacks occurred while the employee was working, and the first, if connected with exertion, was exertion not connected with the employment. Under these facts plus the conflict in the medical opinion evidence it cannot be said that the award denying compensation was without evidence to support it.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED OCTOBER 1, 1962.

*Jack P. Turner*, for plaintiff in error.
*Anderson, Walker & Reichert, Albert P. Reichert*, contra.