## 40458. CITY OF PEMBROKE v. JONES.

FRANKUM, Judge. The burden of proof in a workmen's compensation case is upon the claimant to show that the employee suffered an accidental injury which arose out of and in the course of his employment. *Harper v. National Traffic Guard Co.,* 73 Ga. App. 385 (2) (36 SE2d 842); *Hughes v. Hartford Acc. &c. Co.,* 76 Ga. App. 785, 789 (47 SE2d 143); *Wilcox v. Shepherd Lumber Corp.,* 80 Ga. App. 71, 73 (1) (55 SE2d 382). In a case brought by a widow to recover compensation on account of the death of her husband, where the evidence shows that the employee died on account of injuries received by him at a place where he might reasonably have been expected to be in the performance of his duties, the claimant's case is aided by a presumption that the death arose out of and in the course of his employment, *Standard Acc. Ins. Co. v. Kiker,* 45 Ga. App. 706 (5) (165 SE 850), but this presumption does not benefit the claimant upon the introduction of uncontradicted evidence showing that the employee was not in such a place, *Travelers Ins. Co. v. Curry,* 76 Ga. App. 312 (2) (45 SE2d 453), *Aetna Cas. &c. Co. v. Fulmer,* 81 Ga. App. 97, 101 (57 SE2d 865). Accordingly, where the undisputed evidence shows that the deceased employee, a night policeman employed for the purpose of patrolling within the city limits of the City of Pembroke in the city's police car, was given express instructions to remain within the city limits and not to chase speeders beyond the city limits; that he had no authority to drive the automobile beyond the limits of the city except to apprehend one suspected of a major crime such as murder "or something in that order", and where it appeared that the deceased met his death at a point some 19 or 20 miles outside the city limits while engaged in chasing a speeding motorist, and where there was no evidence indicating that the deceased had any reason to think, at the time he was killed, that a major offense such as murder "or something in that order" had been committed, the uncontradicted evidence demanded a finding that the deceased was beyond the scope of his employment and not at a place where he might reasonably have been expected to be in the performance of his assigned duties, and that he had in fact violated express instructions given him by the mayor and police committee of the city, and an award of compensation was, therefore, not

authorized. The judge of the superior court erred in affirming the award of the deputy director in favor of the claimant. *Judgment reversed. Felton, C. J., and Pannell, J., concur.*

DECIDED FEBRUARY 11, 1964—REHEARING DENIED MARCH 11, 1964.

*Brannen, Clark & Hester, Perry Brannen, W. Roscoff Deal,* for plaintiff in error.

*Anderson & Sanders, Cohen Anderson, Faye Sanders,* contra.