22499. JONES v. CITY OF PEMBROKE.

Submitted July 13, 1964—Decided September 11, 1964.

*Anderson & Sanders,* for plaintiff in error.

*Perry Brannen, W. Roscoff Deal, Brannen, Clark & Hester,* contra.

ALMAND, Justice. This case is here from the Court of Appeals by writ of certiorari, and is reported in *City of Pembroke v. Jones,* 109 Ga. App. 296 (136 SE2d 139). The case involves an award of compensation made by the State Board of Workmen's Compensation to the widow of the deceased. The undisputed evidence showed that: the deceased was employed by the City of Pembroke as a policeman; he was given express instructions by the mayor and police committee of the city not

to go beyond the city limits except for major offenses; the deceased was killed in an automobile wreck which occurred about 19 miles from the City of Pembroke while he was chasing a speeding motorist.

The Deputy Director of the State Board of Workmen's Compensation granted compensation to the policeman's widow and this award was affirmed by the trial court. The Court of Appeals reversed, and held that the evidence demanded a finding that the deceased was beyond the scope of his employment and that he had violated his express instructions and therefore the award of compensation was not authorized. We are of the opinion that the result reached by the Court of Appeals is correct in view of *Code Ann.* § 92A-509. That statute provides: ". . . officers of an incorporated municipality shall have no power to make arrests [for violations of traffic laws] beyond the corporate limits of such municipality, unless such jurisdiction is given by local or other laws." The record in this case does not show any local law to the contrary. *Code Ann.* § 92A-509 defines the outer limits of the scope of employment for a municipal officer in making arrests for misdemeanors and traffic offenses. Since by the terms of this statute it appears that municipal officers are prohibited by law from making such arrests beyond the corporate limits, the deceased was beyond the scope of his employment while attempting to make an arrest for a traffic offense some 19 miles from the City of Pembroke. In further support of this ruling see Wilson v. Town of Mooresville, 222 N.C. 283 (22 SE2d 907), where is was held: "When claimant accepted appointment to office of Mooresville town policeman, existing laws pertaining to the position became a part of the relationship and fixed the 'scope of employment' and hence where the office in respect to arresting without warrant was that of a 'peace officer' whose authority was confined to township boundaries within the county, an accidental injury sustained after claimant, without warrant, had pursued a speeding motorist into another county, did not 'arise out of and in course of employment' within the Workmen's Compensation Act."

The Court of Appeals' ruling that the widow of the deceased

was not entitled to compensation under the Workmen's Compensation Act is

*Affirmed. All the Justices concur, except Quillian, J., who dissents.*