**Commonwealth v. Gilliland**

*James A. Caldwell,* Assistant District Attorney, for Commonwealth.

*Sherman K. Levine,* for defendant.

LYON, J., September 15, 1970.—Before the court for determination is defendant's motion to suppress the results of a chemical test of his breath. State Police officers purportedly gave the test as authorized by the Act of December 22, 1969 (act no. 173), 75 PS §624.1, to determine the alcohol content of his blood. The motion to suppress is bottomed wholly upon the proposition that defendant's arrest was illegal. Both the test and the test result are conceded to be the fruit of his arrest.

State Police Officer Max Roseck did not have an arrest warrant when he arrested defendant for the misdemeanor of operating a motor vehicle while under the influence of intoxicating liquor. The right of a police officer to arrest without a warrant was summarized by the Pennsylvania Superior Court in Commonwealth v. Pincavitch, 206 Pa. Superior Ct. 539, 214 A.2d 280 (1965), where it is stated:

" 'A peace officer may, without a warrant, arrest for a felony or for a misdemeanor committed in his

presence although the right to arrest for a misdemeanor, unless conferred by statute, is restricted to misdemeanors amounting to a breach of the peace.' "

A careful review of the authorities of what constitutes a breach of the peace was made in Commonwealth v. Glasgow, 21 Lehigh 80 (1944), where the court concluded that the commission of a misdemeanor upon a public highway is a breach of the peace. When the misdemeanor is in the nature of a traffic offense under The Vehicle Code, the right of a police officer to make an arrest is affected by the Act of April 29, 1959, P. L. 58, sec. 1204, 75 PS §1204, which provides that State Police officers may arrest on view for such offenses when in uniform and displaying a badge or other sign of authority.

Hence, in the instant case the legality of defendant's arrest depends upon whether the misdemeanor was committed "in the presence of the officer." The general rule is that an offense is committed in the officer's presence when his senses afford him knowledge that one is being committed: 5 Am. Jur. 2d 722, §31; 6 C.J.S. 595, §6(c)(3). Trooper Roseck first observed defendant sitting along the curb of the highway near where he had previously parked his automobile. He concluded from his observations that defendant was then under the influence of intoxicating liquor. Mark Wilson, who had previously called the State Police about defendant, was also at the scene. He related to Trooper Roseck that he was a near-miss accident victim of defendant's drunken driving and for this reason he had followed defendant's vehicle for some distance before it was parked. He also informed Trooper Roseck that when defendant got out of the vehicle he was staggering and smelled of alcoholic beverages.

The crime of driving while under the influence of intoxicating liquor requires the coexistence of two elements: (1) the driving of a motor vehicle, and (2) the driver under the influence of intoxicating liquor. Only the second element, which by itself under the circumstances in the instant case was not a crime, was observed by Trooper Roseck. He was informed of the first element by an eyewitness, Mark Wilson, before the arrest of defendant who shortly thereafter admitted to the officer that he had been driving.

Our research of the Pennsylvania law disclosed no authority interpreting the term, "in the presence of the officer." However, the United States District Court for the Western District of Pennsylvania in Cambist Films, Inc. v. Duggan, 298 F. Supp. 1148 (1969), held that the officer who witnessed one of the facts necessary to constitute an offense would not be entitled to make an arrest without a warrant on the ground that the crime had been committed in his presence if other facts not witnessed by the officer are required in order to constitute the offense.

The Supreme Court of New Jersey reached a contrary conclusion when the officer observed one of the two necessary elements of the crime and defendant admitted the second before his arrest. In State v. Murphy, 4 N.J. Misc. 957, 134 Atl. 900 (1926), defendant was convicted of driving while intoxicated and thereafter appealed, contending that he had committed no offense in the presence of the police officers who arrested him, and therefore his arrest without a warrant was illegal and the court without jurisdiction of his person. The evidence disclosed that defendant was first seen by the officers near two cars. He was staggering very badly and in answer to a question by the arresting officers stated he had been driving one of the cars. The New Jersey law, like the Pennsylvania law, authorized an arrest without

a warrant for a misdemeanor only by an officer in whose presence the law had been violated. The New Jersey Supreme Court held the arrest to be valid because defendant was visibly intoxicated when seen by the arresting officers and had admitted to them before the arrest that he had been drinking.

But in Cowan v. Commonwealth, 308 Ky. 842, 215 S.W. 2d 989 (1948), it was held that where police officers did not observe any element of the offense, defendant may not be arrested without a warrant merely because he confesses the commission of a crime to them. We found no authority upholding an arrest for a misdemeanor without a warrant bottomed wholly or in part upon information received by the arresting officer from an eyewitness to the crime. But in light of the holding that the confession of a misdemeanor does not authorize an arrest without a warrant, it follows that such an arrest may not be bottomed upon such information furnished to the arresting officer by others, even an eyewitness.

In the light of the foregoing discussion and citations of authority it is clear as crystal that the misdemeanor was not committed "in the presence of the officer," regardless of which of the foregoing interpretations of the term is used as a test; hence, the arrest of defendant without a warrant was illegal, and consequently the fruits of the illegal arrest must be suppressed: Wong Sun v. United States, 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963); Commonwealth v. Bishop, 425 Pa. 175, 228 A.2d 661 (1967).

## ORDER OF COURT

Now, September 15, 1970, it is ordered, adjudged and decreed that evidence concerning the chemical test of defendant's breath and the results thereof be, and hereby are, suppressed. This evidence may not hereafter be used in this proceedings against defendant.