## 46761.   COBB v. PACIFIC EMPLOYERS INSURANCE COMPANY et al.

EVANS, Judge. This is a workmen's compensation case. Will Cobb, Jr., the claimant, was awarded compensation by a deputy director, for disability resulting from an injury sustained in an accident. On appeal to the full board by the employer and the carrier, Pacific Employers Ins. Co., the claim was remanded for the purpose of taking evidence for additional medical testimony as to the claimant's physical condition resulting from the accident, and evidence as to dates and earnings of the claimant while engaged in the operation of a private business. Thereafter, the board amended the award of the deputy director, specifically adopting his findings of fact as to disability but making an additional finding of fact that

"total disability ceased on August 30, 1967, when the claimant became partially disabled," the accident and injury occurring on July 11, 1967. This additional finding of fact stated that the claimant had returned to work and was capable of earning wages subsequent to August 30, 1967. Premised on the above finding of fact, the employee was awarded compensation "based upon 60% of the difference between the claimant's average weekly wage prior to and after the accident rather than total disability which ended on August 30, 1967." The new award also ordered the employee to furnish the employer a statement of wages earned weekly after August 30, 1967, for the purpose of calculating compensation payments due. Both the claimant and the insurer appealed to the superior court. The claimant contended: 1. There was not sufficient evidence of record to warrant the board in changing the order and findings of the deputy director of total disability; 2. The board failed to rule on his motion for attorneys fees and failed to award attorneys fees; and 3. The members of the board acted without or in excess of their powers.

The insurer contended: 1. There was insufficient evidence in the record to warrant the award; and 2. The evidence conclusively showed that the employee received $2,000 in full settlement of the claim he had against the third party, and the board failed to allow the employer and insurer credit for said settlement as provided in Code § 114-403, as amended.

The lower court, after a hearing, denied the employee's appeal on all grounds but as to the appeal of the employer and insurer, it ordered the board to amend its order to provide that the employer and/or insurer be given credit against future payments ordered by the full board in the sum of $2,000, the amount paid to the employee by a third-party tortfeasor.

The employee appeals and enumerates as error the following: 1. The determination that he had returned to work on August 30, 1967, and was only partially disabled

thereafter, because the evidence was uncontradicted to the contrary. 2. The failure to set aside a paper, signed by claimant, stating that claimant had returned to work on August 29, 1967, claimant contending that it was signed without his reading it; there was no consideration paid therefor, and that it was fraudulently obtained by the insurance adjuster. 3. The award of $2,000 to the insurer, as a credit against future payments to the claimant, because no notice had been given and because the hearing director and the board both correctly refused to award this credit to the insurer. 4. The failure to award attorney's fees and damages to the claimant. *Held:*

1. It is true that the award must be supported by the findings of fact and the findings of fact must be based on evidence; nevertheless, there was some evidence that the claimant had been gainfully employed in that he was performing services to himself in a small private business enterprise, which was sufficient to authorize the board to find the total disability had ceased on August 30, 1967. *Knight v. Fulton Industries*, 123 Ga. App. 538, 540 (181 SE2d 691). Also, *Gatrell v. Employers Mut. Liab. Ins. Co.*, 226 Ga. 688 (177 SE2d 77).

2. It is not clear that the board considered and accorded weight and credit to the paper claimant signed as to his going back to work on August 29, 1967, which claimant contended was fraudulently procured by the insurance adjuster; but even so, there is other evidence to support the award and the admission of this evidence, even if not proper, is not ground for reversing the award. *Troup County v. Henderson*, 104 Ga. App. 29, 35 (121 SE2d 65); *Zurich Ins. Co. v. Zerfass*, 106 Ga. App. 714, 719 (128 SE2d 75).

3. Although there was some testimony by claimant, on cross examination, that he had received $2,000 as a result of a tort claim, there was no written notice calling on him to make such payment whereby subrogation could be enforced by the board. See *Code* § 114-403, as amended (Ga. L. 1963, pp. 141, 145). Accordingly, the board did

not err in failing to consider such subrogation in its award. The insurer may seek subrogation through the courts or before the board after complying fully with the Workmen's Compensation Law. See *Fireman's Fund Ins. Co. v. Crowder*, 123 Ga. App. 469 (2, 3, 5) (181 SE2d 530). There simply was no compliance with the Workmen's Compensation Law authorizing the board to consider subrogation as to future payments to claimant. See *Hartford Acc. &c. Co. v. Tolison*, 118 Ga. App. 660 (165 SE2d 192).

4. We find no argument in the brief as to enumeration of error number 4, hence we deem it abandoned.

*Judgment reversed in part; affirmed in part. Bell, C. J. and Eberhardt, J., concur.*

SUBMITTED JANUARY 3, 1972—DECIDED FEBRUARY 1, 1972—
REHEARING DENIED FEBRUARY 23, 1972.

*Benjamin Zeesman*, for appellant.

