47637.   ARGONAUT INSURANCE COMPANY et al.
v. KING et al.

DEEN, Judge. 1. There is ample evidence in the record in this workmen's compensation case (in which the denial of an award to the spouse of the deceased made by the hearing director and affirmed by the full board was reversed by the judge of the Superior Court of Bibb County) that the action of the employee, a workman on a barge removing sand from the bottom of a pond, in re-

moving his upper clothing and diving from the barge to the water, where he drowned, was an act not arising "out of" his employment although performed "in the course of" it. *U. S. F. & G. Co. v. Croft,* 93 Ga. App. 114 (91 SE2d 110), rev. 212 Ga. 275 (92 SE2d 103). A specific finding of fact: "The employee died accidentally from drowning during a period of deviation from his employment" is therefore supported by evidence.

The difficulty with the case, and the reason for the reversal in the superior court, is a further statement of fact in the original award, adopted by the full board on appeal, as follows: "It is possible that the deceased had gotten muddy asssisting in the task of breaking up the clods but the purpose for which he went into the water is not known. His job did not require that he throw all caution to the wind and recklessly dive into water over his head. If his purpose for diving into the water was to wash off mud, there were other means of doing this which were much safer. In fact, the duties of his job did not require that he go into the water for any purpose."

If we concluded this to be a finding by the full board on appeal that the sense of this quotation is that the employee was negligent and therefore cannot recover, we would agree that the award should be reversed, for negligence even though it be gross negligence, is not in issue. *Aetna Life Ins. Co. v. Carroll,* 169 Ga. 333 (1b) (150 SE 208). But there is a general burden on the plaintiff to prove the essential elements of his claim, including the fact that the accident arose out of his employment. *Dept. of Revenue v. Graham,* 102 Ga. App. 756 (117 SE2d 902); *Gen. Motors Corp. v. Pruitt,* 83 Ga. App. 620 (64 SE2d 339); *Fulton Bag & Cotton Mills v. Haynie,* 43 Ga. App. 579 (159 SE 781). Where the accident occurs during the course of the employment, and the employee receives the injury at a place where he may reasonably be expected to be in the course of his duties, a finding that the injury arose out of the employment is justified "but this presumption does not benefit the claimant upon the intro-

duction of uncontradicted evidence showing that the employee was not in such a place." *City of Pembroke v. Jones,* 109 Ga. App. 296 (136 SE2d 139), aff., 220 Ga. 213 (138 SE2d 276). As we read the award here it constitutes a finding that the employee drowned during a deviation from his employment, so that the death did not arise out of it, and the language objected to merely shows the reasoning of the fact finder in reaching the decision that the entry into the water had no causal relationship to the job, rather than a demonstration that the case was decided on the erroneous legal theory of negligence on the part of the employee.

2. The Workmen's Compensation Board will not entertain a motion for nonsuit, since it has no authority to dismiss a claim except for want of jurisdiction or for the claimant's failure to prosecute his cause. *Morris v. Atlantic Co.,* 71 Ga. App. 760 (32 SE2d 116).

The trial court erred in reversing the award of the full board.

*Judgment reversed. Eberhardt, P. J., and Clark, J., concur.*

SUBMITTED NOVEMBER 8, 1972—DECIDED NOVEMBER 15, 1972.

*Savell, Williams, Cox & Angel, Lawson A. Cox, II,* for appellants.

*Thomas M. Jackson,* for appellees.