## 47791. MOORE v. THE STATE.

DEEN, Judge. Matthews, an intelligence agent in the district attorney's office, arranged with Crosby and Haskins to apprehend Moore in the act of selling heroin. Matthews was informed on a Saturday morning that the sale would take place that afternoon at the end of a park pier and that the defendant would be dressed in a red shirt and black pants with fishing gear and would be accompanied by a look-out. He made four attempts to locate as many judges for the purpose of obtaining a search warrant without success; then, time running out, he drove with Crosby and Haskins to the park and arranged that when they ascertained that

Moore had the heroin Haskins would take his shirt off. Moore, dressed as described and carrying a paper bag and fishing rod, was observed by the pier, with another man thought to be the look-out nearby. Crosby and Haskins walked on the dock with him and laid the bag down about eighteen inches from his foot saying, "Here it is." Crosby stated he would get the money out of the car trunk and Haskins took off his shirt. Matthews then came forward and made the arrest. *Held:*

The motion to suppress evidence of the heroin contained in the bag was properly denied. We do not consider either the fact that Moore denied ownership of the bag to Matthews or that Matthews looked in it before making the arrest crucial to a decision in the case. Crosby and Haskins were more than mere informants since they obtained the admission from Moore, assisted in the arrest, and Crosby testified to these facts.

Under Code § 27-207 an officer may arrest where the offense is committed in his presence or where there is likely to be a failure of justice for want of an officer to issue a warrant. Under Code § 27-211 any person may arrest without a warrant where the offense is committed in his presence. An offense is "within the presence" of the arresting party where, although he cannot be cognizant of it by means of his senses, the defendant actually admits that it is in fact being so committed. 6 CJS 582, Arrest, § 5; Kirby v. State, (Fla.) 217 S. 2d 619, 621; Cowan v. Commonwealth, 308 Ky. 842 (215 SW2d 989); Kershaw v. State, 199 Md. 135 (85 A2d 783); Utah Liquor Control Comm. v. Wooras, 97 Utah 351 (93 P2d 455). Moore's admission to the witness Crosby that he had the heroin in the bag would have been sufficient to justify Crosby in making a citizen's arrest; the immediate communication of this information to Matthews who was watching the transaction and made the arrest, coupled with the fact that a failure of justice would otherwise ensue for lack

of a warrant without fault on his part, justified the action.

If we consider the search as preceding the arrest rather than as incident to it, the search was reasonable under constitutional standards and on probable cause, and was justified by exigent circumstances within the meaning of Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
SUBMITTED JANUARY 3, 1973 — DECIDED JANUARY 30, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Darryl Cohen, Morris H. Rosenberg,* for appellee.