## 51852. CHANDLER et al. v. THE STATE.

DEEN, Presiding Judge.

The defendants Chandler and Whicker were convicted of larceny of a motor vehicle. The evidence is much in conflict, but that supporting the verdict is substantially as follows: These men, along with one Cornett had been acquainted for several years. The defendants were staying at Cornett's home in Canton, Georgia. On the evening the car was stolen they left for Atlanta in Whicker's car, which they testified broke down, and they returned during the night by other means. The following afternoon, according to the testimony of the restaurant owner, Chandler and Whicker came into his place of business in a drunken condition, and he called the state patrol, who arrived shortly thereafter. The troopers waited until the defendants and an unidentified third party pulled away in a station wagon which turned out to

have been stolen in Atlanta the evening before, with Chandler driving and Whicker in the back seat. A chase ensued, at the end of which Whicker was captured and the other men made their escape. Chandler was located and arrested that evening in Cornett's house. In addition to the conviction of both men for theft of the station wagon, Chandler, the driver, was convicted of damaging government property (due to a collision with the state patrol car during the chase) and with various infractions of the motor vehicle laws. *Held:*

1. The appellants contend that venue was not properly laid. The car was stolen in Fulton County and the arrests made in Cherokee County, where the trial was held, and where the defendants were found in possession of the property. Code § 26-1811 provides that in prosecutions under Code § 26-1802 the crime is committed in any county in which the accused exercised control over the stolen property. Code § 26-1802 defines all thefts by taking. The fact that Code § 26-1813, stating the punishment for motor vehicle theft, is not mentioned in the venue section does not mean that venue for theft by taking of a motor vehicle is subject to a different rule, and the failure to mention it specifically does not restrict venue in the trial of this particular offense. *Davis v. State,* 135 Ga. App. 931 (3) (219 SE2d 598).

2. A motion to dismiss the charges against Chandler on the ground that his original arrest was illegal was properly overruled. Illegality of arrest does not of itself entitle one to acquittal or dismissal of the charges against him. *Willard v. City of Eatonton,* 104 Ga. App. 471 (121 SE2d 924); *Scott v. State,* 123 Ga. App. 675 (2) (182 SE2d 183); *Smith v. State,* 132 Ga. App. 691 (2) (209 SE2d 112).

3. The defendant Whicker contends that the state failed to make out a prima facie case against him, since he was not driving the stolen car when it was recovered but was only a passenger. His explanation was that he was hitchhiking with two unknown persons who subsequently eluded the police. However, an eyewitness identified Whicker and Chandler as occupants of the stolen vehicle who came to his restaurant early Sunday afternoon. Whicker and Chandler swore that they drove to Atlanta in Whicker's car Saturday night, returning in another

vehicle (which they denominated a taxicab, without further identification) around midnight. The station wagon was stolen in Atlanta, and might have been taken as early as 11:00 p.m. that evening. Shortly after noon on Sunday Whicker and Chandler were, according to the eyewitness, in the car; it fled on the approach of state troopers, Whicker was captured, and the driver, identified as Chandler, escaped but was arrested soon after.

If the jury believed the identification, as they had a right to do, they necessarily disbelieved that Whicker was hitchhiking with persons unknown to him at that time. The evidence is undisputed that the men did not return to Canton in the vehicle in which they drove to Atlanta; the jury had a right to disbelieve their statements that they returned in a taxicab, and to infer, from their presence in the station wagon the next day, that it had in fact been stolen by them and that they had returned to Canton in it.

Further, although it is true as stated in *Williams v. State,* 126 Ga. App. 350 (190 SE2d 785) that *mere* flight without more will not support a conviction, and while neither presence nor flight nor both together, without more, will do so (*Poythress v. State,* 67 Ga. App. 324 (20 SE2d 212); *Martin v. State,* 98 Ga. App. 136 (105 SE2d 250)), here there were other circumstances, including possession of property recently stolen, which in itself will support an inference of guilt. In such circumstances, the weight to be given to evidence of flight is entirely for the jury to decide. *Perry v. State,* 105 Ga. App. 776 (125 SE2d 666). The court correctly gave this rule of law in charge.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

SUBMITTED MARCH 2, 1976 — DECIDED MARCH 15, 1976.

*H. Clifton Conrad, Jr., Elliott R. Baker,* for appellants.

*C. B. Holcomb, District Attorney,* for appellee.