## 54237. MARYLAND CASUALTY COMPANY et al. v. JENKINS.

SHULMAN, Judge.

This is a workmen's compensation case. The deceased, an agent for Delta Life Insurance Company, was employed to sell insurance and collect a debit over a fixed route and in the surrounding rural area. Evidence showed that such agents collected premiums and then canvassed to sell insurance; that work was frequently done at night and, in fact, occasionally seven days a week. There was testimony that on the day of his death the deceased had agreed to return to the home of a prospective policy purchaser that night. The prospect was the deceased's uncle and lived on the route leading to the home of the deceased. The fatal occurrence took place just before he reached the residence of the prospective policy purchaser. The claim for compensation was denied by the administrative law judge based on the finding that ". . . Billy Joe Jenkins was not found at a time and at a place that he might reasonably be expected to be in the performance of his work duties." On appeal before the full board, a finding that deceased was found dying in a place where he might reasonably be expected to be in the

performance of his duties was entered and compensation was awarded based upon the case of *General Acc. Fire &c. Ins. Co. v. Sturgis,* 136 Ga. App. 260 (221 SE2d 51), which held that when a person is found in a dead or dying condition at a place where he might reasonably be expected to be in the performance of his duties, a natural presumption arises that death arose out of and in the course of employment. The superior court affirmed the full board and appeal to this court followed.

1. Judge Clark in the case of *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65), set forth the criteria to be followed in these cases:

"1. A finding of fact by a director or deputy director of the State Board of Workmen's Compensation, when supported by any evidence, is conclusive and binding upon the court, and the judge of the superior court does not have any authority to set aside an award based on those findings of fact, merely because he disagreed with the conclusions reached therein. *Indemnity Ins. Co. v. O'Neal,* 104 Ga. App. 305 (3) (121 SE2d 689); *Dept. of Revenue v. Graham,* 102 Ga. App. 756 (2) (117 SE2d 902); *Hartford Acc. &c. Co. v. Davis,* 73 Ga. App. 19 (1) (35 SE2d 521) and cits.

"2. Upon appeal from an award of the State Board of Workmen's Compensation granting compensation, evidence will be construed in a light most favorable to party prevailing before the board. *Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102 (68 SE2d 180).

"3. Every presumption in favor of validity of award of Board of Workmen's Compensation should be indulged in by reviewing court. *Employer's Ins. Co. v. Brackett,* 114 Ga. App. 661 (152 SE2d 420).

"4. Neither Superior Court nor Court of Appeals has any authority to substitute itself as fact finding body in lieu of Board of Workmen's Compensation. *Employers Ins. Co. v. Amerson,* 109 Ga. App. 275 (136 SE2d 12).

"5. Weight and credit to be given testimony of witnesses and conflicts in evidence are for determination by Workmen's Compensation Board. *Wilson v. Aragon Mills,* 110 Ga. App. 392 (138 SE2d 596); *Travelers Ins. Co. v. Tucker,* 116 Ga. App. 414, 415 (157 SE2d 802).

"6. Hearing director and full board are vested with

exclusive authority to weigh evidence in Workmen's Compensation Proceedings. *Zurich Ins. Co. v. McDuffie,* 117 Ga. App. 90, 91 (2) (159 SE2d 423).

"7. Deputy director and the full Board of Workmen's Compensation as fact finders have exclusive prerogative of weighing evidence, including determination of credibility of witnesses; the courts on appeal are bound by findings if supported by any evidence. *General Fire &c. Co. v. Bellflower,* 123 Ga. App. 864, 866 (1) (182 SE2d 678).

"8. The board, in arriving at the truth, may apply all of the rules of law with reference to the credibility of the witnesses testifying, their intelligence, their means and opportunity of knowing the facts to which they testify, the nature of the facts to which they testify, the probability or improbability of their testimony, their interest or want of interest, and their personal credibility so far as the same legitimately appears from the trial. *American Mut. &c. Ins. Co. v. Gunter,* 74 Ga. App. 500, 515 (40 SE2d 394).

"9. The testimony of a witness is to be considered as a whole and not in disjointed parts. Nor is the Department of Industrial Relations (now Workmen's Compensation Board) bound in every way to accept the literal statements of a witness before it, merely because such statements are not contradicted by direct evidence. Implications inconsistent with the testimony may arise from the proved facts and in still other ways the question of what is the truth may remain an issue of fact, despite uncontradicted evidence in regard thereto. *Cooper v. Lumberman's Mut. &c. Co.,* 179 Ga. 256, 261 (175 SE 577)."

2. In the case cited in the board's award, *General Acc. Fire &c. Ins. Co. v. Sturgis,* supra, p. 263, the court held: " 'The burden of proof in a workmen's compensation case is upon the claimant to show that the employee suffered an accidental injury which arose out of and in the course of his employment. *Harper v. National Traffic Guard Co.,* 73 Ga. App. 385 (2) (36 SE2d 842); *Hughes v. Hartford Acc. &c. Co.,* 76 Ga. App. 785, 789 (47 SE2d 143); *Wilcox v. Shepherd Lumber Corp.,* 80 Ga. App. 71, 73 (1) (55 SE2d 382).' *City of Pembroke v. Jones,* 109 Ga. App. 296 (136 SE2d 139). The employee is aided in his burden by the well-established presumption stated in the board's

decision that when an employee is found dead in a place where he might reasonably have been expected to be in the performance of his duties, it is presumed that the death arose out of his employment. *Standard Accident Ins. Co. v. Kiker,* 45 Ga. App. 706 (5) (165 SE 850) and cases cited therein."

We hold that this presumption was not effectively rebutted in the instant case, and we affirm the judgment of the superior court upholding the award of the Board of Workmen's Compensation.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED JULY 12, 1977 — DECIDED SEPTEMBER 6, 1977.

*Young, Young, Ellerbee & Clyatt, O. Wayne Ellerbee,* for appellants.

*Jack J. Helms, Berrien L. Sutton,* for appellee.