## 54927. WRIGHT v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al.

QUILLIAN, Presiding Judge.

The board of workmen's compensation found that claimant's eye condition was not caused by an accident arising out of and in the course of his employment. The denial of compensation was affirmed by the trial court and appeal followed. *Held:*

1. The testimony of an eye specialist in response to a hypothetical question, based on the findings and diagnosis testified to by another doctor, was admissible and not subject to the objections urged. Code § 38-1710. See *Southern Bell Tel. &c. Co. v. Jordan,* 87 Ga. 69 (3) (13 SE 202); *Mayor &c. of Jackson v. Boone,* 93 Ga. 662 (1) (20 SE 46); *Yates v. State,* 127 Ga. 813, 817 (4) (56 SE 1017); *Park v. State,* 82 Ga. App. 556, 557 (61 SE2d 689); *Tompkins v. West,* 123 Ga. App. 459 (1) (181 SE2d 549).

However, even if the proffered evidence was objectionable, the findings of fact show the award was predicated on testimony given by the doctor who did examine the claimant. Where an award is not based upon an erroneous legal theory and there is competent evidence to sustain it, the improper admission of evidence is not a ground for reversal. *Zurich Ins. Co. v. Zerfass,* 106 Ga. App. 714, 719 (128 SE2d 75). Accord, *Cobb v. Pacific Employers Ins. Co.,* 125 Ga. App. 546 (2) (188 SE2d 263).

2. "An award of the State Board of Workmen's

Compensation, like the verdict of a jury, should, where possible, be given that construction which will uphold and validate it rather than a construction which will defeat and invalidate it. Every presumption in favor of its validity should be indulged in by the courts. As has been said, legal precision and nicety in the award are not to be required, and where an intent and meaning can be given to the award which will uphold it rather than defeat it, such intent and meaning should be adopted." *Employees Ins. Co. v. Brackett,* 114 Ga. App. 661, 663 (152 SE2d 420). See *Maryland Cas. Co. v. Jenkins,* 143 Ga. App. 192 (1) (237 SE2d 664).

Accordingly, the trial judge did not err in holding that the facts found by the full board supported the order and there was sufficient competent evidence to sustain the order.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED NOVEMBER 9, 1977 — DECIDED FEBRUARY 8, 1978 — REHEARING DENIED MARCH 7, 1978.

*Smith & Welch, A. J. Welch, Jr., Rod G. Meadows,* for appellant.

*Brackett, Arnall & Stephens, H. P. Arnall, H. A. Stephens, Jr.,* for appellees.