68080. GLAZNER v. THE STATE.

BIRDSONG, Judge.

Johnny William Glazner was convicted of driving under the influence of intoxicants and simple assault. He was sentenced to two one-year sentences with appropriate fines, the sentences of incarceration to be probated. Glazner brings this appeal raising one enumeration of error. *Held*:

The evidence shows that the Chief of Police of Blairsville had left his place of duty for the night and proceeded to his farm some miles outside Blairsville to tend to a calving cow. While at his farm, he heard a radio report of a motorcycle being operated by an intoxicated driver. As the officer was leaving his farm, he observed a motorcycle fitting the description go by. The officer fell in behind the motorcycle and observed the driver to be operating the vehicle in an erratic manner, weaving on the road. The officer turned on his blue light and the motorcyclist sped up and apparently attempted to avoid apprehension. However, the driver changed his mind and slowed and stopped. The officer approached the motorcyclist and asked to see the opera-

tor's license. The driver stated in effect that the officer "knew he didn't have a license." The motorcyclist was then placed under arrest for driving without a license and D.U.I. After a renewed chase and subsequent apprehension, the motorcyclist engaged in an altercation with several apprehending officers, resulting in the simple assault charge.

Glazner does not contest the sufficiency of the evidence to support the findings of guilt of D.U.I. and simple assault. Nor could he, for there was sufficient evidence to satisfy any rational trier of fact beyond reasonable doubt of guilt. *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528). He bases his enumeration of error on the illegality of arrest based upon OCGA § 40-13-30. In pertinent part that statute provides that officers of a municipality have no power to make arrests beyond the corporate limits of the municipality "unless such jurisdiction is given by local or other law." Our Supreme Court in 1964 interpreted this statute to set the outer limits of a municipal officer's authority in making an arrest for misdemeanors and traffic offenses. *Jones v. City of Pembroke*, 220 Ga. 213 (138 SE2d 276). That case involved the denial of a workers' compensation claim by the widow of a policeman who had been killed 19 miles outside the limits of his municipality while pursuing a speeder. No evidence of a local ordinance or other law was shown to confer jurisdiction upon the officer to be about his duties 19 miles outside his jurisdiction.

Subsequently in 1969, the General Assembly enacted the predecessor to OCGA § 17-4-23. That statute provides in pertinent part (without geographical limitation) that a law enforcement officer may arrest a person for a violation of law governing the operation of a motor vehicle by issuance of a citation where the offense is committed in his presence. There is no question that the officer observed a suspected act of drunken driving and by Glazner's own admission, the offense of driving without a license, both motor vehicle offenses. Thus, the power of arrest for the traffic violations was contained in "other law," and came within the exception provided in OCGA § 40-13-30. Moreover, even if we assume arguendo that the officer exceeded his authority, Glazner's admission that he was driving in violation of law was sufficient to justify the officer, then outside his jurisdiction, to act as a private person and effect a citizen's arrest. OCGA § 17-4-60; *Moore v. State*, 128 Ga. App. 20, 21 (195 SE2d 275). Lastly, illegality of an arrest does not of itself entitle one to acquittal or dismissal of charges. *Chandler v. State*, 138 Ga. App. 128, 129 (2) (225 SE2d 726). For any of the above reasons, we conclude the enumeration of error is without merit.

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs specially.*

DECIDED MAY 4, 1984.

*Jerome C. Ware*, for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney*, for appellee.

CARLEY, Judge, concurring specially.

I cannot agree with the majority's statutory construction holding that OCGA § 17-4-23 constitutes "other law" as contemplated by OCGA § 40-13-30. However, I do agree with the majority that the officer was authorized to effect a citizen's arrest under OCGA § 17-4-60. Accordingly, I concur in the judgment affirming appellant's conviction.