## MITCHELL *v.* THE STATE.

1. Where, before a jury had been impaneled or a plea to the merits had been entered or the defendant had been put in jeopardy, a demurrer to an accusation in the criminal court of Atlanta was filed, on various grounds, there was no error in permitting a nolle prosequi to be entered upon the accusation, on motion of the solicitor, and a new affidavit to be made, and a new accusation to be framed upon it. Acts 1890-1, vol. 2, pp. 437-8, sec. xi; Penal Code, § 957.

2. An affidavit is sufficient as a basis for framing an accusation in the criminal court of Atlanta, although made before a commercial notary public. Pol. Code, § 503, par. 4; *Wright* v. *Davis*, 120 *Ga.* 670, 676; Acts 1890-1, vol. 2, p. 937; *Shuler* v. *State*, 125 *Ga.* 778.

3. Whether such an affidavit would furnish a sufficient foundation for the issuance, by the judge of the criminal court, of a warrant to arrest the accused person, quere. Acts 1890-1, supra; Penal Code, §§ 882-885.

4. Under the act creating the criminal court of Atlanta, an accusation which alleged that the prosecutor, "in the name and behalf of the citizens of Georgia," charged and accused the defendant with the offense described, was sufficient, and was not demurrable on the ground that it should have stated that "the State of Georgia" charged and accused the defendant, or that it did not appear for what citizens the prosecutor acted. Whether or not it would have been preferable to have stated that the State of Georgia, upon the information of the prosecutor, charged the defendant with the crime, the accusation in the form stated above was not subject to demurrer. *Dickson* v. *State*, 62 *Ga.* 589 (3).

5. While it is provided in section 11 of the act of 1891 that accusations in the criminal court of Atlanta shall be signed by the "solicitor-general," yet when that section is construed in connection with sections 9 and 10, it appears that the term "solicitor-general" was loosely applied to the solicitor of that court, and it was intended that accusations should be signed by him and not by "the solicitor-general of the superior court."

6. It may be the better practice for an accusation in the criminal court of Atlanta to state that it is based on the affidavit of some person; but where it appeared on the face of the record that an affidavit was made by a named person, and immediately following it, bearing the same name, the prosecutor, "in the name and behalf of the citizens of Georgia," charged and accused the defendant with the offense described in the affidavit, the accusation was not demurrable, under the act creating that court, because it did not in express terms state that it was based on the affidavit. BECK and ATKINSON, JJ., dissent from this note.

7. The general law touching the practice in county courts, and in what are called "city courts" established on recommendation of the grand juries. (Pol. Code, § 777, et seq.), does not apply to or control the practice in the criminal court of Atlanta, which was established and its practice regulated by the act of September 6th, 1891. *Welborne* v. *Donaldson*, 115 *Ga.* 563.

8. A person brought to trial in·the court mentioned, under an accusation charging him with a misdemeanor, is not entitled to demand an indictment by the grand jury. *Moore* v. *State*, 124 *Ga.* 30.
9. Whether one who arrested a person accused of the crime of gaming was a lawful officer or not, or whether the arrest was legal or illegal, will not furnish any ground for acquitting the accused when brought to trial for such offense. Special pleas setting up such matters as grounds for acquittal were properly stricken, the defendant being accorded all of the rights of defense to which he was entitled under the plea of not guilty.
10. The provision of the act of September 6, 1891, creating the criminal court of Atlanta, to the effect that where the judge of that court issues his warrant, and the defendant is arrested under it, if he so desires he may have a "committal trial" before a magistrate, contemplates that this shall be done before the trial on the merits has been reached. It does not intend that, when the case has been reached and called for trial on its merits, the defendant can cause the main trial to be stopped and postponed in order that he may first have a preliminary trial before a court of inquiry. The object of a commitment is to detain the accused, or place him under bond, to insure his presence when the case shall be called. But when the case is reached and the accused is placed on final trial, there is no further need for a committing trial.
11. The evidence authorized the verdict; and there is nothing in any of the other grounds of the petition for certiorari which requires a reversal.

Argued June 20,—Reargued July 16,—Decided July 27, 1906.

Certiorari. Before Judge Pendleton. Fulton superior court. May 29, 1906.

*Robert L. Rodgers*, for plaintiff in error.

*C. D. Hill, solicitor-general*, and *Lowry Arnold*, contra.

LUMPKIN, J. There are many points in this case, but none of them are of sufficient prominence or strength to support a reversal. Most of them will be found to be controlled directly or in principle by the act which created the criminal court of Atlanta (Acts 1890-1, vol. 2, pp. 935 et seq.), and the decisions in *Welborne* v. *Donaldson*, 115 *Ga.* 563; *Gordon* v. *State*, 102 *Ga.* 673; *Wright* v. *Davis*, 120 *Ga.* 670; *Moore* v. *State*, 124 *Ga.* 30. Various criticisms have been made and questions raised in regard to the language of the act of 1891. But Mitchell, not the act of the legislature, was on trial. And infractions of the laws of style on its part render him none the less guilty of violating the criminal law of the State. One who is caught while gaming can not hope to escape punishment by reason of literary blemishes in the act creating the court which tries him. Nor can he claim a verdict declaring him to be not guilty, on the ground that he was illegally arrested. We

see no reason why this conviction should not stand. The headnotes sufficiently deal with the questions raised.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*