### 746. COLEMAN *v.* THE STATE.

1. That a defendant in a criminal case is confined in jail under sentence for a felony, of which he has been convicted in a superior court, does not of itself present any bar to his being tried upon an indictment for misdemeanor, pending against him in a city court. Even if in any case there should be a conflict of jurisdiction between the courts, the defend-

ant who is before the court for trial can not take advantage of the fact that his presence has been illegally or improperly obtained.

2. The entry upon the minutes of a city court of an order of the judge of the superior court, directing the transfer of certain indictments for misdemeanor to such city court, where such transfer is authorized by law, is sufficient to give the city court jurisdiction of the several cases transferred by the order.

3. Assignments of error based upon the refusal of a trial court to charge the jury in accordance with requests orally presented by counsel can not be considered by this court.

4. The evidence authorized the verdict.

Indictment for disturbing worship, from city court of Americus—Judge Crisp.   August 12, 1907.

Argued October 9, 1907.—Decided September 30, 1908.

*Blalock & Cobb,* for plaintiff in error.

*F. A. Hooper, solicitor-general, Zach. Childers, solicitor,* contra.

Russell, J.   Mose Coleman excepts to the judgment overruling his motion for new trial, and also to the judgment finding against his special plea to the jurisdiction.   The special plea, which was by agreement heard by the court, is as follows: "And now comes the defendant and enters this, his special plea in said case, and says: 1st: That the city court of Americus, Georgia, has no jurisdiction over the defendant in this case, for the following reasons: that he is now under sentence and serving a sentence from the superior court of said county, and sent for assault with intent to murder, having been found guilty in said court at the May term and sentenced to twelve months in the chain-gang, or a fine of $250, and that he is now in custody under said sentence, and this court has no jurisdiction of the person of the defendant while he is serving this sentence imposed by the superior court of Sumter county.   2nd: Defendant further says that this court is out of jurisdiction in this case for the reason that said case is now pending in the superior court of said county, there being an indictment found by the grand jury at the May term of Sumter superior court, and that there is no order on the minutes of the superior court, transferring this case to the city court; neither is there any order entered on the minutes of the city court of Americus, Georgia, showing that said case has been duly transferred and entered upon the minutes.   The defendant says before this court can get jurisdiction of the case in the superior court of said county by the grand

jury, must be by duly signed order of the superior court entered upon the minutes of said court, and then entered upon the minutes of this court; and it appearing that neither of this has been done."

1. The first ground of the special plea is sufficiently dealt with in the headnote. This ground was really nothing more than a motion to continue the case. Any person having an interest in maintaining the jurisdiction of the superior court, or the State (having an interest in the service of the defendant as a convict from the superior court), could perhaps be heard upon this question, but it is immaterial so far as the defendant is concerned, unless it appear that, by reason of his prior sentence and consequent confinement, he has been rendered less prepared for trial than he otherwise would have been. This lack of opportunity for preparation might be good ground for continuance, but is no basis for a special plea.

2. It appears that the evidence did not sustain the second ground of the defendant's plea to the jurisdiction as stated; because it appears that the order of the judge of the superior court transferring the presentment in question was entered upon the minutes both of the superior and the city courts. The court, therefore, did not err in finding against this ground of the special plea. It is insisted in the brief of counsel for the plaintiff in error that the entry should have been made upon the minutes of the city court from a certified transcript of the order which had been entered upon the minutes of the superior court. This, perhaps, would have been the more regular mode of procedure if it were indispensable that the order of the judge of the superior court should be entered upon the minutes of the city court.

3. We have already in the case of *Woodall* v. *State,* ante, 783 (62 S. E. 485), expressed our views upon the subject of enforcing the respective rights of contesting claimants to the occupancy of a church by prosecution for disturbing divine worship. We can not say, however, in the present case, that the jury were not authorized to find that this defendant violated the law. He would have had the right, as one of a committee appointed by his church conference, to notify Redding not to preach on the Sunday in question. But if (as testified by several witnesses whose testimony the jury believed) he proceeded further, by snatching the would-be preacher from the pulpit and telling him that if he attempted to preach he would give him the worst whipping a man ever got, this conduct

would not only disturb the congregation, but his action became individual and not representative, because he exceeded his instructions.        *Judgment affirmed.*