22712.   HUMPHREY *v.* THE STATE.

DECIDED APRIL 10, 1933.

*R. H. Humphrey,* for plaintiff in error.

*Lawrence S. Camp, attorney-general, W. G. Neville, solicitor-general, T. R. Gress, assistant attorney-general,* contra.

MacINTYRE, J.   The indictment in this case, procured on May 10, 1932, charges the defendant with committing murder on April 26, 1932.  On May 13, 1932, the case was called for trial in Jenkins superior court; whereupon the accused filed substantially the following plea:

■ The case should be dismissed because the defendant is insane, he "having been legally adjudged insane by a lunacy commission appointed by the ordinary of Jenkins county on the 5th day of May, 1932."

■ "That at the time of said lunacy hearing there was not an indictment nor any other charge pending in this court nor any other court against the defendant, Davis Humphrey."

■ "That the said jailer and sheriff of Jenkins county, the Hon-

orable Frank Marbach, is now and has since the 5th day of May, 1932, been holding said defendant under a lunacy warrant, awaiting his transfer to the State sanitarium, to which he has been committed."

■ "The defendant will be placed in a U. S. hospital for mentally defective veterans, which transfer from the State sanitarium is authorized by the Federal statutes, and in the case at bar has been agreed to by the Veterans' Administration."

■ "The laws of this State prohibit the trial of any person afflicted with insanity."

Upon the presentation of said plea the solicitor-general demurred orally thereto and moved to strike the same upon the ground that it "presented no legal reason why the cause should not proceed to trial." The trial judge sustained this motion and dismissed said plea, and the only exception here is to his judgment so doing.

In order to present a complete picture of the matter under consideration, we will state that on April 27, 1932, F. A. Marbach made an affidavit that the accused committed murder on April 26, 1932; that a warrant based upon said affidavit was duly issued; and that on May 5, 1932, the committing magistrate, M. G. McComb, entered the following order: "The prosecutor not appearing, the accused is hereby ordered dismissed from custody."

It appears from the copy of the proceedings before the ordinary (attached to the plea as an exhibit) that on May 5, 1932, the same day that the justice of the peace dismissed the accused for want of prosecution, one J. H. Simpson filed a petition asking that a lunacy commission be appointed to investigate the sanity of the accused, and naming three persons as his three nearest adult relatives; that on May 5, 1932, said relatives acknowledged notice of "the above application," waived all further notice or service, and consented that "the commission therein prayed for may issue immediately;" that on May 5, 1932, the commission was issued; that on May 5, 1932, the commission reported that the accused was "temporarily insane;" and that on May 5, 1932, the ordinary adjudged the accused to be insane and ordered that he be committed to the Georgia State Sanitarium.

The insanity proceedings in this case were brought under section 3092 of the Civil Code (1910), as amended by the act of 1915 (Ga. L. 1915, p. 20). This section requires ten-days notice of the appli-

cation to be given the three nearest adult relatives of the person sought to be committed, and the courts have held that the proceedings were void if this requirement as to notice was not met. However, the act of 1915 amends said section so as to permit the aforesaid relatives to waive notice upon proper affidavit.

The commissioners were authorized by the commission to inquire whether the accused was a lunatic,—that is, whether he was a lunatic at the time of the inquiry. On May 5, 1932, the commissioners found the accused temporarily insane—not that he would be insane at any subsequent time. Their finding was in the present tense, viz.: "We do find the said Davis Humphrey to be temporarily insane." The only matter in issue before the commissioners at the time of their inquiry was whether the accused was insane or not at the time of the inquiry. Is this judgment or inquisition a bar to the prosecution of the defendant for murder at a subsequent date? We hold not. A judgment is conclusive only as to such matters as are in issue, and the issue and finding in this matter were restricted to whether the accused was sane at the time of the judgment, and not whether he would be insane at a time after the judgment, viz., at the time of the trial in the superior court. Is a judgment of insanity a useless and vain thing? We think not, because the law says that "when a man is shown to be in a condition of sanity at any particular time, it shall be presumed that he remains in that condition until it is shown that he is in it no longer. . . Here is a reasonable protection for the lunatic." *Lucas* v. *Parsons,* 23 *Ga.* 267, 278, 284. Where insanity is once found upon an inquisition of lunacy, it is presumed to continue, and the onus is cast upon those asserting sanity to prove that the accused was not insane at the time of the trial. "The converse of the proposition, however, or the doctrine of relation back, does not hold in such cases." *Terry* v. *Buffington,* 11 *Ga.* 337, 342 (56 Am. D. 423). In short, "Such judgment substitutes for the general presumption of sanity a rebuttable presumption of insanity," and "the onus is cast upon those thereafter asserting sanity to prove it." *Akin* v. *Akin,* 163 *Ga.* 18 (2) (135 S. E. 402). However, while it is true that "habitual insanity, when once proven to exist, will be presumed to continue, yet it is but a presumption and may be rebutted." On the contrary, continuous insanity can not be presumed from a mere temporary derangement. *Dicken* v. *Johnson,* 7 *Ga.* 484, 490. If it

be contended that the defendant is insane at the time of his trial, our law secures to him the right to have the question of his mental condition at that time inquired into before being required to plead to the indictment. Penal Code (1910), § 976. For a discussion of pleas setting up insanity, first, at the time of the commission of the crime; second, at the time of the trial; and, third, after conviction, see *Baughn* v. *State,* 100 *Ga.* 554, 556 (28 S. E. 68, 38 L. R. A. 577). We hold that if the defendant was before the superior court for trial, he could not take advantage of the fact that the jailer and sheriff had been holding him under a lunacy warrant awaiting his transfer to the State sanitarium to which he had been committed. In *Coleman* v. *State,* 4 *Ga. App.* 786 (62 S. E. 487), Judge Russell stated the principle of law in the following language: "That a defendant in a criminal case is confined in jail under sentence for a felony, of which he has been convicted in a superior court, does not of itself present any bar to his being tried upon an indictment for misdemeanor, pending against him in a city court. Even if in any case there should be a conflict of jurisdiction between the courts, the defendant who is before the court for trial can not take advantage of the fact that his presence has been illegally or improperly obtained." See 16 C. J. 175, § 228, which enunciates the same principle. 16 C. J. 174, § 227, reads in part as follows: "Where one has been indicted under a State law for an offense, and the sheriff has made return to the capias issued for his arrest, the State court has jurisdiction to try him, although he is also in the custody of the sheriff, as deputy of the United States marshal, for an offense against the United States, and is in the county jail under a statute allowing the use of its jails for such purpose." We hold that the trial judge did not err in sustaining the "general oral demurrer" to the defendant's plea in bar.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*