32724. NOBLES *v.* THE STATE.

DECIDED JANUARY 28, 1950. REHEARING DENIED MARCH 27, 1950.

*Stone & Stone,* for plaintiff in error.

*R. A. Patterson, Solicitor-General, Miller & Head, L. D. Yancey Jr.,* contra.

MACINTYRE, P. J. On April 11, 1949, S. W. Howell made an affidavit charging the defendant, Woodrow Nobles, with the possession of three pints of non-tax-paid whisky in Early County on April 9, 1949. Based on this affidavit the warrant was issued on the same day by a justice of the peace, requiring the officer to arrest the defendant and bring him before the justice of the peace issuing the warrant or some other judicial officer of this State to be dealt with as the law allows. On the same day the officer executed the warrant, arrested the defendant and brought him before the justice of the peace who had issued the warrant. The justice of the peace bound the defendant over to the City Court of Blakely in Early County upon a $500 bond conditioned upon his appearing for trial at the May term of that court. An accusation was filed in the City Court of Blakely on the same day. At the July term of the Superior Court of Early County, an indictment was returned against the defendant for the same offense and on July 27, 1949, the case was called for trial, with

the defendant present, in the Superior Court of Early County. The defendant filed a plea to the jurisdiction of the superior court on the ground that there was already pending in the City Court of Blakely an accusation for the same offense and that since the City Court of Blakely had first obtained jurisdiction of the defendant and had concurrent jurisdiction of the offense with the superior court, the superior court should take no further cognizance of the indictment. The court struck the plea to the jurisdiction; the case proceeded to trial and resulted in the defendant's conviction and sentence, and he excepted.

The only question involved here is whether the court erred in striking the plea to the jurisdiction. "Generally, where several courts have concurrent jurisdiction of the same offense, the court first acquiring jurisdiction of the prosecution retains it to the exclusion of the others, so long as it does not voluntarily and legally abandon it. Jurisdiction is not acquired within this rule until jurisdiction of the person has been obtained. . . However, where the court first acquiring jurisdiction voluntarily and legally dismisses or abandons the prosecution, the other court regains the right to exercise its jurisdiction, since accused has no vested rights to be tried in any particular court. In the absence of [constitutional or] statutory modification of this rule, the only way other than by such abandonment, by which the second court can acquire jurisdiction, is by legal change of venue." 22 C. J. S. 186, § 111. "The jurisdiction of the criminal courts in the several States derives from, and is limited by, the State constitutions or statutes enacted pursuant thereto, and must be exercised in accordance with such provisions, as well as with subsisting and consistent common-law rules." 22 C. J. S. 194, § 122. "The superior courts of this State are courts of general jurisdiction. The constitutional specification that in certain matters they shall have exclusive jurisdiction emphasizes the constitutional conception that the superior courts are to have general jurisdiction over all matters except such as may be expressly denied. 'The superior courts have ever in our history been the great reservoir of judicial power—the aula regis, as it were, in which the judicial powers of the State were vested; and however other courts might be erected as a relief to it, to take cognizance of minor matters, the practice has been uniform

to retain in this tribunal concurrent, and generally even supervisory power over them.' *Porter* v. *State*, 53 *Ga.* 238. The Constitution declares that 'The judicial powers of this State shall be vested in a Supreme Court, a Court of Appeals, superior courts, courts of ordinary, justices of the peace [notaries public who are ex-officio justices of the peace] . . and such other courts as have been or may be established by law.' (Civil Code, § 6497) [Now Code, Ann., § 2-3601]; and that 'All courts not specially mentioned by name in the first section of this article (Civil Code, § 6497) may be abolished in any county, at the discretion of the General Assembly.' Civil Code, § 6549. [Now Code, Ann., § 2-5301]. Substantially the same provisions were in the Constitution of 1868, and McCay, J., in the case just cited, said of them: 'It follows from these two provisions that these several courts mentioned by name are the constitutional courts of the State. These courts are beyond legislative discretion. The legislature may create and abolish at its pleasure, but these tribunals have amongst them all judicial power by the very terms of the Constitution itself. As to the superior court, certain powers are subsequently in section 3, paragraph 2 [Code, Ann., § 2-3901] declared to be exclusive in that tribunal. But it is plain that in the four [five] tribunals mentioned in section first, the Constitution vests, either exclusively or concurrently with such other courts as have been or may be established by law, jurisdiction over every matter of a judicial nature that can arise.' The legislature in establishing a city court may confer on such court jurisdiction of causes cognizable in the superior court, where that jurisdiction is not declared by the Constitution to be exclusive in the superior court, but it can not entirely divest the superior court of its constitutional jurisdiction. Any such legislative act violates the Constitution and is of no avail." *Williams* v. *State*, 138 *Ga.* 168 (74 S. E. 1083). The superior court is granted jurisdiction in misdemeanor cases "by the Constitution itself without and above any legislative act . . and it is not competent for the legislature to take it away." *Porter* v. *State*, supra, at page 238. It follows, that in conferring jurisdiction upon the new tribunal, the City Court of Blakely, whose territorial jurisdiction includes all of Early County, the legislature must take care not to deny to the Su-

perior Court of Early County at least concurrent jurisdiction over the jurisdiction left to the superior court by the Constitution, since if the legislature cannot abolish the superior court, it cannot take away its jurisdiction either in gross or in detail. *Porter* v. *State*, supra. "The General Assembly has not the power, under the Constitution, to deprive the superior courts of jurisdiction over misdemeanors." *Clifton* v. *State*, 53 *Ga.* 241 (1). If it attempts to do so the act is unconstitutional. The defendant in the instant case was in fact before the Superior Court of Early County, which had constitutional jurisdiction .to try persons charged with the offense of possessing non-tax-paid "prohibited liquors." He was present and put on trial under an indictment pending in that court for the possession of non-tax-paid prohibited liquors. Where the grand jury of the county finds an indictment for a misdemeanor, as here, the superior court has jurisdiction of the subject-matter charged in the indictment, and, where, as here, the defendant is present in court, on such a charge, it gives the court jurisdiction over him. Courts of criminal jurisdiction not being required to inquire as to how the prisoner came into the reach of their mandates, the presence in the court of the defendant on a proper charge was sufficient to confer jurisdiction of his person thereon. 22 C. J. S. 236, 237, § 144; *Humphrey* v. *State*, 46 *Ga. App.* 720 (169 S. E. 53) ; *Coleman* v. *State*, 4 *Ga. App.* 786 (62 S. E. 487) ; *Hicks* v. *State*, 146 *Ga.* 706 (92 S. E. 216) ; In re Fitton, 68 Vt. 297 (35 Atl. 319). The superior court thus having jurisdiction of the subject-matter and of the person could proceed with the trial under its constitutional jurisdiction, notwithstanding the defendant was then on bond awaiting trial in the city court. *Coleman* v. *State*, supra; and compare Rawls *v.* United States, 166 Fed. 2d, 532, 533.

If the defendant has violated the law of his sovereign by committing a misdemeanor which is subject to prosecution either in the superior court or the city court, he may not complain of or choose the manner or order in which his sovereign proceeds against him, whether in the superior court or the city court, so long as his constitutional rights are not violated. *Coleman* v. *State*, supra.

There is nothing in the record to show that the defendant did

not have, or anything to overcome the presumption that the defendant had, a fair and legal trial in the superior court which had constitutional jurisdiction of all misdemeanors committed in that county, although the defendant seemed to have indicated by his plea to the jurisdiction that he preferred not to have his trial in the superior court at that time but to postpone it until a later date in the City Court of Blakely, a court of statutory jurisdiction created to relieve the superior court of the onerous task of the numerous misdemeanor cases coming before it. The trying of the case in the superior court interferred with no judgment of the City Court of Blakely or denied the defendant any vested right. Where two or more courts have jurisdiction of the subject-matter, a defendant in *a criminal case* has no vested right to choose in which of the courts he shall be tried. Of course, if the City Court of Blakely had proceeded, in its capacity as a relief court to the Superior Court of Early County, to try the defendant and a verdict had been found and a judgment entered thereon, prior to the time the defendant was put on trial for the same offense in the superior court, a plea of autrefois acquit or autrefois convict would have been available to him to protect his constitutional and statutory rights.

There was no error in sustaining the demurrer to the defendant's plea to the jurisdiction of the superior court and in striking the plea.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*