### 39007. WILLARD v. CITY OF EATONTON.

FRANKUM, Judge. The accused, T. G. Willard, was convicted in the Police Court of the City of Eatonton of the offense of speeding in violation of a municipal ordinance of said city. The undisputed facts show that the accused drove his motor vehicle in a motorcade through the City of Eatonton. After passing through the city, the motorcade was stopped outside the city limits by the State Highway Patrol. Thereafter, city police officers arrived and gave each driver a "summons" to appear in the Police Court of Eatonton. A sharp conflict of evidence appears in the record as to whether the operators of the vehicles in the motorcade were speeding through the City of Eatonton, but the evidence was sufficient to support a conviction of the defendant. After the accused was found guilty, he filed a petition for a writ of certiorari complaining that the charge against him should have been dismissed in the police court for the reason that the act of the city officer who gave him a "summons" outside the City of Eatonton con-

stituted an illegal arrest. The petition for writ of certiorari was duly sanctioned, and thereafter, upon a hearing, the petition was overruled. This ruling is assigned as error in this appeal. *Held:*

"Courts of criminal jurisdiction not being required to inquire as to how the prisoner came into the reach of their mandates, the presence in the court of the defendant on a proper charge was sufficient to confer jurisdiction of his person thereon." *Nobles v. State,* 81 Ga. App. 229 (58 SE2d 496).

"Whether one who arrested a person accused of the crime . . . was a lawful officer or not, or whether the arrest was legal or illegal, will not furnish any ground for acquitting the accused when brought to trial for such offense." *Mitchell v. State,* 126 Ga. 84 (54 SE 931). To the same effect see *Joiner v. State,* 66 Ga. App. 106 (17 SE2d 101); *Johnson v. Plunkett,* 215 Ga. 353 (110 SE2d 745); *Reid v. Perkerson,* 207 Ga. 27 (3) (60 SE2d 151); 22 C.J.S. 381, Criminal Law, § 144. Where a person appears voluntarily before a police court and enters a defense to a charge of speeding within the city limits in violation of a city ordinance, the fact that such person was served with a "summons" at a place outside the city limits by a city police officer will not serve as a ground to acquit the person so charged. Assuming, for the purpose of argument only, that the service of the "summons" on the accused by the city officer was an arrest and an illegal arrest, it cannot serve to acquit the accused under the above authorities. The untraversed answer of the trial judge to the writ of certiorari shows that the accused voluntarily appeared in court. This alone is enough to give the court jurisdiction of the person to try him for violation of a city ordinance perpetrated within the corporate city limits. The court did not err in overruling the petition for certiorari.

*Judgment affirmed. Townsend, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 14, 1961—REHEARING DENIED SEPTEMBER 28, 1961.

*James R. Venable,* for plaintiff in error.
*D. D. Veal,* contra.