46120. SCOTT et al. v. THE STATE.

DEEN, Judge. 1. The transfer of this case from the Supreme Court
to this court (January 27, 1971) disposes of the first enumeration of error attacking the constitutionality of Code § 26-2610.
2. A defendant in a criminal case cannot claim a verdict declaring
him to be not guilty on the ground that he was illegally arrested. Mitchell v. State, 126 Ga. 84 (9) (54 SE 931); Willard v.
City of Eatonton, 104 Ga. App. 471 (121 SE2d 924).
3. The State's witness, a young girl, testified that a group of four
girls had accosted her in a public park and that the two defendants on trial had used abusive language, slapped and hit
her. The testimony was sufficient to sustain the conviction of
simply battery as to each of the defendants.
4. It appears without contradiction that the prosecutrix informed a
police officer of what had happened, and he informed another
officer who shortly thereafter saw four girls walking down the
street away from the park. The testimony is in conflict as to
whether they attempted to run away or whether, after reaching
the home of the grandparents of one of them, they came to the
car at his command. In any event he arrested two of them, who
gave him false names and refused other information and cursed
him with various expletives calculated, if not to breach the
peace as charged, at least to render his lot less than happy.
They were additionally charged and convicted of violating Code
Ann. § 26-2610 ("opprobrious words tending to cause a breach
of the peace") and Code Ann. § 26-2506 (giving a false name to
a law enforcement officer in the lawful discharge of his official
duties with intent to mislead).
(a) It is admitted that the offense charged is a misdemeanor, that
the officer had no warrant, and that the offense was not committed in his presence. The right to arrest on suspicion to pre-

vent escape is not so broad in misdemeanor as in felony cases. *Thompson v. State,* 4 Ga. App. 649, 652 (62 SE 99). Also, flight to prevent an illegal arrest is permissible. *Holmes· v. State,* 5 Ga. App. 166 (3) (62 SE 716). In fact, flight does not seem to be seriously in this case, as the officer in fact testified: "I had to talk to them a few minutes and then they did volunteer to come over to the car." The officer was well within his rights in questioning the suspects, and, when they gave him false information as to their names he would have had grounds for their arrest without a warrant if he had reasonable cause to believe that the information was in fact false. We reverse the convictions under *Code Ann.* § 26-2506 only because of a variance between the allegata and probata, since the facts above detailed indicate that the officer should have procured a warrant before arresting the suspects on the battery charge and the accusation alleges not that he was in the lawful discharge of his official duties in questioning them, which the evidence shows would have been true, but "was attempting to place a charge of assault and battery against" them; in other words, to arrest them without a warrant for a misdemeanor not committed in his presence. The evidence does not support the charge as laid and the convictions for this offense must be reversed.

(b) As to the charge of opprobrious words tending to cause a breach of the peace, there is a distinction between cursing as a separate and distinct offense by one under lawful arrest (*Shirley v. City of College Park,* 102 Ga. App. 10 (115 SE2d 469)) and acts which represent remonstrance against an illegal arrest (*Finch v. State,* 101 Ga. App. 73 (112 SE2d 824)). Although in. the former case the language was alleged as the offense and in the latter it was used as evidence of intoxication on which the defendant was arrested, the reasoning would appear to be the same. There is no evidence that the words were used in such manner as to disturb the public peace. "One who commits a breach of the peace is of course guilty of disorderly conduct, but not all disorderly conduct is necessarily a breach of the peace—as where it is merely calculated to disturb or annoy." *Garvin v. Mayor &c. of Waynesboro,* 15 Ga. App. 633, 636 (84 SE 90), quoted in Black's Law Dictionary, 4th Ed. Opprobrious

words heard only by the arresting officer and used in remonstrance to an illegal arrest do not constitute a violation of *Code Ann.* § 26-2610.

*Judgments affirmed as to violations of Code §  26-1304. Judgments reversed as to violations of Code §§ 26-2506 and 26-2610. Bell, C. J., and Pannell, J., concur.*

ARGUED APRIL 5, 1971—DECIDED APRIL 21, 1971.

*Bobby L. Hill, Joseph Jones, Jr.,* for appellants.
*Andrew J. Ryan, Jr., Solicitor, Stanley Friedman,* for appellee.