## 47725. JOHNSON v. THE STATE.

EBERHARDT, Presiding Judge. Appellant was indicted, tried and convicted on four counts of violating the Uniform Narcotic Drug Act (Code Ann. §§ 79A-803, 79A-9911) by selling cocaine to J. L. Bradfield, an undercover law officer, on May 2, 11, 12 and 16, 1972. The jury fixed sentence at ten years on each count, which was modified by the trial court from a total of forty years to a total of twenty years. This appeal followed. *Held:*

1. It is not clear to us the precise nature of the issue sought to be raised. The complaint, however, is that the state should have (1) had appellant arrested immediately after the first sale, or (2) purchased no more drugs from appellant and waited until a time it deemed appropriate to make the arrest, or (3) having made four purchases, indicted appellant on the first sale only. This complaint is made for the first time on appeal and presents nothing for decision. E. g., *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762); *Kitchens v. State,* 228 Ga. 624 (1) (187 SE2d 268). In any event the complaint is without merit. See Hoffa v. United States, 385 U. S. 293, 309 (87 SC 408, 17 LE2d 374); United States v. Sizer, 292 F2d 596, 599 (CA 4); Frame v. United States, 444 F2d 71, 72 (CA 9). See also Robinson v. United States, 459 F2d 847 (CA D.C.). There was no entrapment. Code Ann. § 26-905; Cf. *McKibben v. State,* 115 Ga. App. 598 (155 SE2d 449) and cits.

2. In a supplemental brief it is also urged for the first time on appeal that defendant was arrested without a warrant, and that this court must consider this objection even though no objection was made below because defendant did not have the benefit of effective counsel. In response the state contends the reason the record is unclear on the matter of the warrant is because defendant made no issue of it below; that this objection is now more properly a ground for collateral attack; and that the state would expect to show at an evidentiary hearing upon collateral attack that defendant was duly arrested under a bench warrant issued after indictment; and that trial counsel, now alleged to be ineffective, knew this and therefore made no issue of it below.

Assuming the arrest to have been illegally made, there is no claim that the conviction rested upon evidence seized as a result of the illegal arrest, or upon a confession secured pursuant to the illegal arrest, etc., but simply that he was illegally arrested. This, alone, does not entitle defendant to release or a new trial. *Mitchell v. State,* 126 Ga. 84 (9) (54 SE 931); *Willard v. City of Eatonton,* 104 Ga. App. 471 (121 SE2d 924) and cases cited; *Scott v. State,* 123 Ga. App. 675 (2) (182 SE2d 183).

*Judgment affirmed. Pannell and Stolz, JJ., concur.*
ARGUED JANUARY 9, 1973 — DECIDED FEBRUARY 5, 1973.

*Murray M. Silver,* for appellant.
*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Joel M. Feldman, Darryl Cohen, Carter Goode,* for appellee.