49426, 49427. MORTON v. THE STATE (two cases).

DEEN, Judge.

The defendant appeals from a robbery conviction. It appears that two men in daylight entered a liquor store; that one identified as the defendant, who was black, bearded, with braided hair, held a hat over his hand as though concealing a gun, demanded money, was given the money in the cash register, and the two left. The victim immediately notified police. Within minutes in the near vicinity uniformed car patrol officers saw two men running; they drove the car over to them; the men then separated and ran in different directions; one of the officers ran around a corner after the defendant and apprehended him. Onlookers pointed to a doorway near the point of capture and on investigation money later identified as the proceeds of the robbery was found lying loose just inside it. There was a police lineup within the next two hours including five bearded black men, although only the defendant had braided hair. The store proprietor testified positively that he recognized the defendant immediately by his face, took little notice of

the others in the lineup, and did not know whether they had beards and braided hair or not. *Held:*

1. The reason for Code § 81-1104 prohibiting the judge from intimating his opinion as to what has been proved is to keep the jury from being influenced, not to keep the judge from making up his own mind. It is the prejudicial character of the remarks which constitutes the error. See *Sorrow v. State,* 32 Ga. App. 504 (123 SE 914); *Scarborough v. State,* 46 Ga. 26, 33. The court's statement to counsel for the defendant made between the first and second trials of this case, not before the jury, and dealing with the question of an interim bond, that he believed (from hearing the evidence on the first trial) that the defendant was guilty, cannot be made the basis for legal error where it is not contended that the court so acted as to communicate this belief to the jury during the trial.

2. The store proprietor positively identified the defendant as one of the two robbers; denied that he had seen him in the custody of officers after arrest and before the lineup procedure, and swore that he recognized him without regard to comparison with the other persons in the lineup. This case is not within the purview of United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), where there was a motion to exclude an in-court identification on the ground that it was based on deficiencies inherent in a prior lineup identification. The enumerations of error going to the procedures associated with the identification of the defendant are without merit.

3. It is also contended that the defendant was illegally arrested and that his conviction should accordingly be overturned. Flight accompanied by other suspicious circumstances will sometimes authorize a warrantless arrest even though the officers do not at the time know that the particular crime for which the arrestee is brought to trial has been committed. *Richardson v. State,* 113 Ga. App. 163 (147 SE2d 653). In the present case it was the flight of the two men in opposite directions when they became aware of the presence of the police officers which actually caused the pursuit, doubtless because it reminded them of the

Biblical injunction that the guilty flee under such circumstances. The defendant was indeed stopped, but he was not searched, and unidentified third parties almost immediately pointed to the place where the cache of money was lying behind a doorway. We need not decide under these circumstances exactly what the rights of the parties were in the brief time between the initiation of the chase and the discovery of evidence, indicating commission of a theft. Some discussion of the difference, if any, between a "stop" and an "arrest" will be found in *Holtzendorf v. State,* 125 Ga. App. 747 (188 SE2d 879). The flight, the money, and the discovery that the liquor store had been robbed taken together, were certainly probable cause for the detention until identification could be tested. We make no ruling on the right to pursue and stop a man *simply because* he is running, as this is usually but one of a colligation of circumstances which sets off the pursuit. But in any event it would not result in overturning a verdict based on an indictment thereafter returned because "a defendant in a criminal case cannot claim a verdict declaring him to be not guilty on the ground that he was illegally arrested. *Mitchell v. State,* 126 Ga. 84 (9) (54 SE 931); *Willard v. City of Eatonton,* 104 Ga. App. 471 (121 SE2d 924)." *Scott v. State,* 123 Ga. App. 675 (182 SE2d 183).

 *Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED MAY 29, 1974 — DECIDED JUNE 19, 1974 — REHEARING DENIED JULY 10, 1974.

*Melvin Robinson,* for appellant.