49425. GIBBS v. THE STATE.

QUILLIAN, Judge.
The defendant was indicted on a felony charge for terroristic threats and acts under the provisions of the Criminal Code of Georgia (Code Ann. § 26-1307; Ga. L. 1968, pp. 1249, 1281). He was tried, convicted, and the jury fixed his sentence at 2 years. Judgment was duly entered on that sentence and an appeal taken to this court. *Held:*

1. Enumeration of error 3 complains that the defendant was not given a committal hearing. "The holding of a commitment hearing is not a requisite to a trial for the commission of a felony." *Brand v. Wofford,* 230 Ga. 750 (2) (199 SE2d 231). This rule is especially

applicable here where there was no showing made that the defendant was harmed by the lack of a committal hearing. Furthermore, the defendant was duly indicted by the grand jury for the crime of terroristic threats and acts and no committal hearing was formally requested prior to his indictment. *Phillips v. Stynchcombe,* 231 Ga. 430, 432 (202 SE2d 26).

2. The defendant contends that the arrest warrant was invalid. Assuming but not deciding that the warrant was indeed invalid, the defendant failed to show that this resulted in any error harmful to him either by the admission of evidence or through testimony, or otherwise. "The illegal arrest of one charged with crime is no bar to his prosecution . . . 'A conviction in such a case [is] unaffected by such unlawful arrest.' " *Joiner v. State,* 66 Ga. App. 106 (17 SE2d 101). See 5 AmJur2d 796, Arrest, § 116 and cits. As recently held in *Johnson v. State,* 128 Ga. App. 69, 70 (195 SE2d 676): "Assuming the arrest to have been illegally made, there is no claim that the conviction rested upon evidence seized as a result of the illegal arrest, or upon a confession secured pursuant to the illegal arrest, etc., but simply that he was illegally arrested. This, alone, does not entitle defendant to release or a new trial." See *Morton v. State,* 132 Ga. App. 329, 331 (208 SE2d 134).

3. The defendant urges several grounds concerning the admission of various testimony. These grounds are without merit since they reveal either objections to such testimony were sustained or that no objections were made, or that the evidence was admissible over the objection urged against it.

4. We have examined the remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED MAY 28, 1974 — DECIDED OCTOBER 11, 1974.

Estis L. Gibbs, *pro se.*
*Vickers Neugent, District Attorney,* for appellee.