## 54260. CLAY v. THE STATE.

BIRDSONG, Judge.

This appeal is from a revocation of a probated sentence of defendant. Appellant contends that the petition for revocation contained evidence of a prior probation for simple battery; appellant had completed his probation of one year for the offense of simple battery, and that this evidence of a prior probation could have affected the trial court's decision in revoking appellant's probation.

This contention is without merit. The only issue presented is whether the evidence at the hearing was sufficient to warrant the action of the court in revoking the probationary sentence under Code Ann. § 27-2713 (Ga. L. 1956, pp. 27, 32; 1960, p. 857; 1966, p. 440).

This court has repeatedly held that the trial judge is not bound by the same rules of evidence as a jury in passing on the guilt or innocence of the accused in the first instance. The judge is the trier of facts. He has a very wide discretion. *Sellers v. State,* 107 Ga. App. 516, 518 (130 SE2d 790) (1963). Only "slight evidence" is required to

authorize revocation, and where there is any evidence supporting the offense charged as a violation of the probation, an appellate court will not interfere with a revocation unless there has been manifest abuse of discretion. *Barlow v. State,* 140 Ga. App. 667 (231 SE2d 561) (1977).

A review of the record shows sufficient evidence to sustain the judgment of the court.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 6, 1977 — DECIDED SEPTEMBER 29, 1977.

*J. Donald Bennett,* for appellant.

*William M. Campbell, District Attorney, Bruce Henshelwood, Assistant District Attorney,* for appellee.