## 54688. PALMER v. THE STATE.

SMITH, Judge.

We affirm the revocation of Palmer's probation.

In 1974, Palmer pled guilty to charges of burglary and theft by taking; he received a five-year sentence, two to serve and three probated. In 1977, his probation was revoked following a hearing on a petition which alleged that Palmer violated the terms of his probation by committing two burglaries and by possessing marijuana. *Held:*

1. Palmer's "motion to arrest, vacate, and set aside" the 1974 judgments and sentence, entered in response to the revocation petition, was properly denied. A motion in arrest of judgment must be made in the term of court in which judgment was rendered (*Spence v. State,* 7 Ga. App. 825 (68 SE 443) (1910); Code § 27-1601), and a motion to set aside the judgment is not an appropriate remedy in a criminal case. *Pope v. State,* 116 Ga. App. 271 (157 SE2d 32) (1967); *Waits v. State,* 204 Ga. 295 (49 SE2d 492) (1948). It was not error to overrule this motion. See *McRae v. State,* 116 Ga. App. 407 (1) (157 SE2d 646) (1967).

2. The several attacks going to the admissibility of evidence and to the conduct of the revocation hearing have no merit. We note that even if all the allegedly inadmissible or improper evidence were excluded from the record, there would nevertheless remain a wealth of evidence authorizing a finding that the terms of Palmer's probation had been violated.

3. We also reject the contention that revocation was not authorized because the record does not affirmatively show that Palmer was advised of the terms of his probation by the trial judge or by his probation officer. See Ga. L. 1972, pp. 604, 611 (Code Ann. § 27-2710). First, the state's initial burden in a revocation proceeding is to show

a sentence of probation and action by the probationer violating its terms. Ga. L. 1966, p. 440 (Code Ann. § 27-13). No defense of failure to have notice of the terms was raised by Palmer at the hearing. More importantly, the infractions in this case were violations of the criminal laws of Georgia. We cannot accept the argument that Palmer, on probation for burglary, did not know that he was not to commit further burglaries.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED OCTOBER 4, 1977 — DECIDED JANUARY 5, 1978.

*Jack W. Carter, J. Laddie Boatright,* for appellant.
*Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.