## 55385. McCARTY v. THE STATE.

BANKE, Judge.

The defendant's probation was revoked after he was arrested for the theft of several bags of pecans. He contends on appeal that the pecans were seized from him in violation of his Fourth Amendment rights.

The arresting officer testified that he had been informed by a reliable informant that the defendant was going to steal pecans from two described residences. He kept the two houses under surveillance that night, and about 2 a.m. he noticed that five bags of pecans were missing from one of the locations. He immediately headed for the other house, where he found no pecans to be missing. Almost immediately thereafter, however, he encountered the defendant and two other persons riding down the street and stopped them. He discovered five paper bags on the rear floorboard of the car, arrested the occupants, and seized the bags containing the pecans. *Held:*

1. Even assuming *arguendo* that the officer did not have probable cause for an arrest and search at the time he stopped the defendant's car, he certainly had an abundance of articulable reasons for an investigatory stop under Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889). Once the car was stopped, the five large grocery bags were in plain view. *There was no search.* The stop was lawful under Terry, and the only question remaining would be whether the contemporaneous arrest and seizure were proper.

Common sense dictates an affirmative response to this question. Under the circumstances described above, the officer's conclusion that the five bags contained stolen pecans was reasonable. This meets the probable cause

test. See Code Ann. § 27-301 (c); *Williams v. State,* 129 Ga. App. 103 (1) (198 SE2d 683) (1973).

2. Where the trial judge finds slight evidence that the conditions of probation have been violated, he may through his discretionary power revoke the probation, and such action may not be overturned without a showing that there has been a manifest abuse of discretion. *Clay v. State,* 143 Ga. App. 361 (238 SE2d 724) (1978). There has been no such showing in this case. Based on the facts surrounding the arrest, together with the subsequent identification of the pecans by the owner, the trial judge was authorized to revoke the defendant's probation.

3. It was not error to overrule the defendant's motion for psychiatric evaluation in the absence either of a special plea of insanity or of any showing that the defendant was mentally incompetent. Cf. *Taylor v. State,* 229 Ga. 536 (1) (129 SE2d 249) (1972); *Holsey v. State,* 235 Ga. 270 (3) (219 SE2d 374) (1975).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED MARCH 1, 1978 — DECIDED JUNE 23, 1978.

*Dennis J. Strickland, Sr.,* for appellant.

*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.