61132. HAYES v. THE STATE.

BANKE, Judge.

This is an appeal from a probation revocation. The appellant pled guilty to two counts of burglary in January of 1975 and was sentenced to five years in prison, to be followed by 15 years on probation. In September of 1979, following his release from prison, he was arrested for probation violation based on allegations that he had sold marijuana to an undercover agent. He was subsequently released on bond, and the hearing on the revocation petition was continued indefinitely. In April of 1980, he was again arrested and charged with violating his probation, based both on the previous marijuana charge and on the additional allegation that he had committed a burglary on December 24, 1979. The order of revocation, dated June 5, 1980, specifies both the burglary and the drug sale as joint grounds for the revocation. *Held:*

1. "Where the trial judge finds slight evidence that the conditions of probation have been violated, he may through his discretionary power revoke the probation, and such action may not be overturned without a showing that there has been a manifest abuse of discretion. *Clay v. State,* 143 Ga. App. 361 (238 SE2d 724) (1978)." *McCarty v. State,* 146 Ga. App. 389 (2), 390 (246 SE2d 416) (1978). See also *Hearing v. State,* 151 Ga. App. 895 (262 SE2d 207) (1979); *Johnson v. State,* 142 Ga. App. 124 (235 SE2d 550) (1977). There was

no abuse of discretion in this case. An accomplice testified that the appellant had participated with him in the burglary, and a G. B. I. agent testified that she had purchased marijuana from the appellant on the date specified in the revocation petition.

2. The G. B. I. agent's testimony, based on her professional training and experience, that the substance which she had purchased from the appellant was marijuana was sufficient to identify it as marijuana for purposes of the revocation hearing. See *Smith v. State,* 144 Ga. App. 631 (2) (241 SE2d 499) (1978). Accord, *Collins v. State,* 151 Ga. App. 116 (3) (258 SE2d 769) (1979).

3. After the burglary accomplice had testified and had been excused as a witness, the appellant requested that he be returned for further cross examination. We find no error in the denial of this request, since the record does not reveal the nature and relevance of the evidence sought to be obtained by further cross examination.

4. Similarly, the state was not required to secure the presence of a government informant for cross examination on the issue of entrapment, where there was no evidence of entrapment. Compare *Hughes v. State,* 152 Ga. App. 80 (262 SE2d 245) (1979).

5. No ground for reversal is established by the judge's comment during the hearing that the appellant had further violated his probation by failing to report to his supervisor as required by the probation order, since this was not listed in the revocation order as a ground for the revocation.

6. The appellant's allegation that the state "manipulated the criminal justice system by deliberately postponing an indictment in the burglary matter . . . and the resulting safeguards of a criminal trial, until after [appellant's] probation was revoked" similarly establishes no ground for reversal. See *Dickerson v. State,* 136 Ga. App. 885 (222 SE2d 649) (1975). It follows that the court did not err in denying a motion to continue the revocation proceedings until after the disposition of the criminal charges upon which the proceedings were based.

7. The appellant's motion that the court employ a higher standard of proof than the "slight evidence" standard was contrary to the authority set forth in Division 1, supra, and was properly denied.

8. The appellant contends that he was unlawfully deterred from testifying in his own defense by the court's refusal to grant his motion to bar the use, in subsequent criminal proceedings, of any incriminating statements he might make. Suffice it to say that if the appellant could not have testified without incriminating himself, then he was not harmed by remaining silent.

9. The court was not required to hold a separate dispositional or

sentencing hearing after finding grounds for the revocation. Cf. *Ware v. State,* 137 Ga. App. 673 (1) (224 SE2d 873) (1976). The fact that the judge who presided at the hearing was the same judge who had imposed the original burglary sentence and that he had remarked on that occasion that if the appellant were "in trouble" before him again he would revoke his probation does not require the conclusion that the judge was unable to preside impartially over the revocation proceedings. The remark was perfectly proper and merely emphasized the consequences of a violation of the conditions of the probation. In any event, the appellant made no motion for the judge's disqualification.

10. Assuming *arguendo* that the appellant's arrest on charges of violating his probation was illegal, this would not in and of itself constitute a bar to the subsequent revocation of his probation. Accord, *Gibbs v. State,* 132 Ga. App. 886 (2) (209 SE2d 691) (1974).

11. The appellant's contention that he was never advised of the terms and conditions of his probation is not supported by the transcript. In any event, "[w]e cannot accept the argument that [the appellant], on probation for burglary, did not know that he was not to commit further burglaries." *Palmer v. State,* 144 Ga. App. 480, 481 (241 SE2d 597) (1978).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 5, 1981 —
REHEARING DENIED FEBRUARY 25, 1981 —

*Joanna NeSmith Rosner,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.