## 64547. BENNETT v. THE STATE.

CARLEY, Judge.

Appellant appeals from an order revoking his probation. Appellant originally pled guilty to a series of offenses. He received four consecutive sentences totaling thirteen years, five years of which were to be served in confinement concurrently with sentences previously imposed. Approximately five months after his release from incarceration for the above offenses, appellant was served with a petition for revocation of probation alleging that he had violated his probation by the commission of certain crimes including fleeing and attempting to elude a police officer, improper driving on a roadway laned for traffic, simple battery of a police officer and criminal trespass. Also the petition alleged that appellant had violated the conditions of his probation through intoxication and association with a convicted felon. Following a hearing, the court revoked the balance of appellant's probation.

1. Appellant contends that the court erred in failing to include in the order of revocation of probation the evidence relied on and the reason for revoking defendant's probation. "In view of the Supreme Court's decision in *State v. Brinson,* 248 Ga. 380 (1) (283 SE2d 463) [(1981)], the defendant's contentions are not meritorious." *Askea v. State,* 160 Ga. App. 328 (1) (287 SE2d 65) (1981).

2. Appellant also contends that the court erred in revoking probation because, with the exception of banishment from the county, he was not informed of the conditions of his probation nor did he receive a copy of the terms of his probation as required by Code Ann. § 27-2710.

Appellant was clearly sentenced to 5 years of incarceration and 8 years of probation by the trial judge. Appellant admitted that he knew that he was on probation, the consequences of probation, and that if he were to get in any "trouble," his probation would be revoked. Appellant also testified that he was supervised as to his sentence by his probation officer. Furthermore, when asked about the procedure of the probation office, Mr. Wheeler, a Probation Officer stated "we make it a habit in this circuit of advising him . . . he did receive a copy of sentence. Yes sir." "More importantly, the infractions in this case were violations of the criminal laws of Georgia. We cannot accept the argument that [appellant, already], on probation . . ., did not know that he was not to commit further [crimes.]" *Palmer v. State,* 144 Ga. App. 480, 481 (241 SE2d 597) (1978).

Therefore, there is some evidence to support a finding by the trial court that appellant had knowledge of the terms of his probation

and received a copy of the same as required by Code Ann. § 27-2710. This court therefore must affirm. *Hayes v. State,* 157 Ga. App. 659, 661 (11) (278 SE2d 424) (1981).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 2, 1982.

*Colin E. McDonald,* for appellant.

*John T. Strauss, District Attorney, Leonard M. Geldon, Assistant District Attorney,* for appellee.