### 39376. JONES v. THE STATE.

MARSHALL, Presiding Justice.

Gerald Jones appeals from his convictions of felony murder and criminal attempt to commit armed robbery. For these offenses, he was sentenced to life imprisonment and 10 years' imprisonment, consecutively.

1. In enumerated error 1, the appellant contends that the trial judge erred in denying his motion for a mistrial based upon the alleged announcement by counsel for a co-defendant — prior to the trial and in the presence of the entire jury panel from which the jury was to be selected — that his client would plead guilty to criminal attempt.

It has been held that the taking of the plea of a co-defendant in the presence of the entire jury panel from which the jury was to be selected, was error. *Hayes v. State,* 136 Ga. App. 746 (1) (222 SE2d 193) (1975). However, the only thing reflected in the record here is that counsel for a co-defendant made an announcement that his client would plead guilty. This was not a remark made by the judge or the district attorney, nor is there any indication that the plea was actually taken at that time. It appears from the record that this was a volunteered statement by the co-defendant's counsel, and it was nothing which could have been prevented by any action of the court.

In addition, any error in this regard is rendered harmless by the facts of this case. The appellant here admitted being at the scene of the crime, but denied his actual participation in the crime while implicating other persons. A plea of guilty by one co-defendant does

not reflect on the guilt of the appellant, as this plea does no more than corroborate the story given by the appellant to the police and in his testimony. Had the appellant presented a defense of alibi and denied having been present at the crime scene, then the plea might reflect harmfully on the appellant. Under the circumstances, however, no harm has been shown.

2. In enumerated error 2, the appellant challenges the admission in evidence, over objection, of a photograph depicting the body of the victim. On this photograph, the district attorney had had a pathologist, as state's witness, mark exactly where the bullet had come to rest. The appellant asserts that this altered the photograph and was done solely to inflame the minds of the jury.

In the instant case, the photograph was clearly relevant to show the nature and extent of the wounds, as it specifically depicted the location where the bullet came to rest in the body. The doctor did not actually alter the photograph, but merely made a mark thereon at the location at which he testified that the bullet had come to rest and was actually shown in the photograph, thus merely clarifying the exhibit for the jury.

3. In enumerated error 3, the appellant contends that it was error to admit in evidence a videotape recording depicting the crime scene and the location of the victim's body.

"Whether, under the evidence, the photograph or movie tape is a fair and accurate representation of the scene sought to be depicted addresses itself to the discretion of the trial judge which will not be controlled unless abused. [Cits.] Where posed photographs shot at a later time are used and there is testimony as to immaterial variations between the picture and the scene, the judge's decision to admit the pictorial representation will not ordinarily be reversed. [Cit.]" *Eiland v. State,* 130 Ga. App. 428, 429 (1) (203 SE2d 619) (1973). The facts — that the tape shows the victim's body frequently, that it is cumulative of several still photographs, and that it shows the cash register both opened and shut during the filming — do not show that the videotaped crime scene was so substantially different from the facts of the case, or otherwise objectionable, as to be inadmissible. Cf. *Gates v. State,* 244 Ga. 587 (1) (261 SE2d 349) (1979).

4. Enumerated error 4 contends that the trial judge abandoned his position as an impartial advocate of justice and highly prejudiced the appellant's right to a fair trial when he questioned the appellant in a "prosecutorial" manner.

Under OCGA § 17-8-55 (Code Ann. § 81-1104), it is error for a judge in a criminal case to express or intimate his opinion as to what has or has not been proved or as to the guilt of the defendant. The purpose for this statute is to prevent the jury from being influenced,

not to keep the judge from making up his own mind. *Morton v. State,* 132 Ga. App. 329 (1) (208 SE2d 134) (1974). In the instant case, the questions challenged by the appellant occurred during the Jackson v. Denno hearing held to determine the voluntariness of a statement of co-defendant Givens. As the jury was not present in the courtroom at the time of these questions, there was no violation of the above statute.

5. Finally, enumerated error 5 challenges the sufficiency of the evidence to sustain the convictions. There was evidence that the appellant was admittedly in the presence of his three co-defendants at the time they came up with the plan to get some money; that the appellant did not know whether the victim had a gun; that no one of the four co-defendants ever saw the victim with a gun; and that the appellant heard the "triggerman," co-defendant Grant, say it was a "stick-up." We have reviewed the evidence in the light most favorable to the prosecution, and conclude that a rational trier of fact could have found the appellant guilty of the crimes charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 25, 1983.

*Evita A. Paschall,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.