## 65643. CORBITT v. THE STATE.

SHULMAN, Chief Judge.

Appellant brings this appeal from the revocation of the probated portion of an armed robbery sentence. The revocation petition was based upon appellant's arrest for possession of less than one ounce of marijuana, in violation of the conditions of his probation. The three enumerations of error challenge, on Fourth Amendment grounds, the seizure of marijuana from appellant's person and automobile and, on hearsay grounds, the introduction of testimony regarding the results of a chemical field test of the marijuana seized from his person.

Officer Larry Lackey of the Waycross Police Department testified that he received information that drug deals were occurring in the Mary Street Park in Waycross. Lackey and Officer D. C. Bullard visited the park to investigate the reports. Lackey, from a concealed position, observed appellant "lighting a half used portion of [a] cigarette . . . holding it pinched between two fingers and drawing on it . . . in a different manner than you would a regular cigarette." Lackey testified that he believed the cigarette to be "a marijuana cigarette." Lackey approached appellant, who "moved [his hand] to his buttocks area, and when he brought his hand back, he had nothing in [it]." A search of the area immediately behind the bench on which appellant was sitting revealed a portion of what Lackey believed to be a marijuana cigarette. Appellant was then placed under arrest by Bullard, who also observed the substance found by Lackey. A search of appellant revealed "a brown type envelope with a green leafy vegetation in it" that Bullard identified as marijuana. Bullard testified that he observed another officer perform a field test on the substance, which tested positive for marijuana. A

subsequent search of appellant's car revealed a partially smoked cigarette Lackey identified as containing marijuana.

1. Appellant's contention that his arrest was illegal and thus invalidated the search of his person is without merit. Lackey, upon observing appellant smoking what he believed to be a marijuana cigarette and upon discovering a partially smoked cigarette in the area in which he believed appellant dropped the cigarette he was smoking, clearly had probable cause to believe he had witnessed appellant possessing less than one ounce of marijuana, a misdemeanor (OCGA § 16-13-2 (b) (Code Ann. § 79A-9917)), thus authorizing the warrantless arrest. OCGA § 17-4-20 (Code Ann. § 27-207). The subsequent search of appellant incident to that arrest revealed a substance Bullard identified as marijuana. Bullard's testimony in this regard was properly admitted based upon his experience and training in the identification of marijuana. This was sufficient to identify the substance as marijuana for purposes of the revocation hearing. *Hayes v. State,* 157 Ga. App. 659 (2) (278 SE2d 424).

2. " 'Where the trial judge finds slight evidence that the conditions of probation have been violated, he may through his discretionary power revoke the probation, and such action may not be overturned without a showing that there has been a manifest abuse of discretion.' " Id., Division 1. The evidence of marijuana found on the person of appellant was more than sufficient to justify the trial court's action in revoking appellant's probation. *Pickard v. State,* 152 Ga. App. 707 (263 SE2d 679); *Collins v. State,* 151 Ga. App. 116 (3) (258 SE2d 769). Consequently, the admissibility of the marijuana found in appellant's car and the admissibility of testimony concerning the field test are inconsequential and will not be considered.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

Decided April 19, 1983.

*James D. Clark, Julie K. Fegley,* for appellant.
*C. Deen Strickland, District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.